# Richmond

## R. C. HURD v. HESSE & HURT AND TRAVELERS INSURANCE COMPANY.

January 11, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Dillard, Moomaw & Dillard,* for the plaintiff in error.

*M. Wallace Moncure, Jr.,* and *R. E. Cabell,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

· At the threshold of this case we are met with a motion to dismiss because a copy of the petition was not served upon the insurance carrier in accordance with Rule II (a). During the oral argument it was admitted that a copy of the petition had been served upon the employer. The question raised by this motion is fully discussed in the case of *Clarence Smith* v. *Commonwealth, post,* page 1112, 172 S. E. 286, in an opinion announced at this term of court, and for the reasons there stated the motion is overruled.

We next come to consideration of the case upon its merits. The facts are simple and are not in dispute.

Claimant was engaged in painting furniture for Heese & Hurt. This he did with a small spray gun which operated easily. The spray was released by pressure from the thumb on a button. He began work late in the afternoon of October 12, 1932, and worked for about half an hour on that day and from eight to twelve on the forenoon of the day following. Some two hours before he completed the job he noticed that his thumb was a little red. He testified that "Along about noon * * * as I was finishing up this job I noticed that the end of my thumb was a little sore. There was no break in (the) skin nor any blister. I had not struck it against anything, but had bruised it by constant pressure over a period of several hours."

On the evening of the 13th he called his employer's attention to his thumb, but said he did not think it amounted to anything, and on the 17th he went to a doctor, who lanced it. A bone felon developed and it was again lanced. His family physician said that the trouble either came from a bruise or from an infected abrasion. There is nothing to indicate that it came from an abrasion; claimant himself stated that it came from a bruise, his thumb did not slip and he was conscious of no sudden incident which occasioned his trouble.

The Commission was of opinion, Commissioner

Kizer dissenting, that there was no accident such as is defined by the statute.

The meaning of the term "injury by accident" was construed in the recent case of *Big Jack Overall Co.* v. *Bray, ante,* page 446, 171 S. E. 686, 690, where, quoting from *McCauley* v. *Imperial Woolen Co.,* 261 Pa. 312, 327, 104 Atl. 617, 622, it was said:

■ "If the incident which gives rise to the injurious results complained of can be classed properly as a 'mishap,' or 'fortuitous' happening—an 'untoward event, which is not expected or designed'—it is an accident within the meaning of the Workmen's Compensation Act." Code 1930, section 1887 (1) *et seq.*

The specific injury for which compensation is sought is fifty per cent loss of use of the thumb which was caused by a bone felon, which, in turn, was the effect of infection of a slight bruise on the end of the thumb. The question to be determined is, was the bruise the result of an accident? That was the only injury claimant received which arose out of and in the course of the employment. There was no sudden, unlooked-for mishap. Some two hours before stopping work, claimant noticed that his thumb was somewhat red from the continuous pressure on the button; he continued to use the thumb in the same manner, with increased soreness and discomfort. The slightly bruised thumb was the origin, or beginning, of the sequence of events which ended in its partial loss of use. The bruise was received while claimant was performing his duties in the usual and ordinary manner—a result, under the circumstances, ordinarily and naturally flowing from the conduct of claimant—and cannot be held an "injury by accident."

For the reasons stated the judgment of the Commission is affirmed.

*Affirmed.*

CAMPBELL, C. J., and HOLT, EPES and GREGORY, JJ., concur in result.

HOLT and EPES, JJ., concurring:

We concur in the final conclusion reached by the court in this case because we think it has been correctly determined upon principle. But except for the opinion to the contrary of our associates who concurred in the opinion and decision in *Big Jack Overall Co.* v. *Bray, ante,* page 446, 171 S. E. 686, we would think that the opinion and decision in that case controlled this case, and that upon its authority Hurd is entitled to an award of compensation.