## Richmond

## BADISCHE CORPORATION AND LIBERTY MUTUAL INSURANCE COMPANY

v.

## WINIFRED STARKS

March 6, 1981.

Record No. 800476.

Present: Carrico, C.J., Harrison, Cochran, Poff, Compton, and Thompson, JJ.*

---

\* Mr. Chief Justice I'Anson presided at the oral argument of this case but retired January 31, 1981.

*William L. Dudley, Jr.* (*Doumar, Pincus, Knight & Harlan,* on brief), for appellants.
*Susan Archer Bivins* (*Martin & LaBell,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

In this appeal by an employer and its insurer from an award made by the Industrial Commission, the sole question is whether the Commission erred in ruling that the claimant sustained an "injury by accident" entitling her to benefits under the Workmen's Compensation Act.[1]

On September 25, 1979, Winifred Starks filed her application for a hearing before the Commission, alleging that she suffered "pain" in her lower back and "ache" in her right leg on May 24 and 25, 1979, while employed by Badische Corporation. In her application, she gave the date of the alleged accident as May 24, 1979, and the date that disability began as May 26, 1979. After a hearing before one of the Commissioners, compensation was awarded Starks for temporary total disability resulting from an injury by accident that occurred on May 24, 1979, within the scope of her employment. Upon review, the Commission, by opinion dated February 28, 1980, one Commissioner dissenting, adopted the findings of fact and conclusions of law of the hearing Commissioner and affirmed the award.

The record shows that the claimant, employed by Badische as a creeler, last worked on May 25, 1979. She was examined by Dr. Hawes Campbell, III, on May 29 and June 1, and on June 15 Dr. Italo Rinaldi, a neurosurgeon to whom she was referred, removed a herniated disc by surgical procedure. That her temporary total disability has continued is not in dispute.

Starks first notified her employer of a possible claim on August 30, when she telephoned the company nurse, reported that she had

---

[1] Code § 65.1-7 provides:

Unless the context otherwise requires, "injury" and "personal injury" mean only injury by accident ... arising out of and in the course of the employment ....

back problems which she believed came from working on her feet on concrete floors, and requested information about filing a claim for Workmen's Compensation. When asked by the nurse if she had an "injury" to report, Starks responded "no"; the nurse then told her that she could not process a claim without a report of an injury. A few minutes later Starks called back to get the date of a noncompensable injury that she suffered in May, 1977, when she fell at work. In a letter dated September 17, 1979, filed in the record, Starks stated that she was "certain" that her 1977 fall was the beginning of her back problem that resulted in the ruptured disc.

In the hearing before the Commissioner, Starks testified that her job required her to lift weights of at least 40 pounds and to "push and pull heavy cans all day". She did not know exactly what happened on May 24, but "sometime during the morning" before lunch her back "began to bother" her "and as the day went by it hurt more and more". She conceded that nothing unsual or different occurred at work and that she performed her duties as she had on any other day except for pain in her right leg and pain at her "waist line in the back", which she had experienced "off and on since sometime in '77 and...had mentioned to the doctor many times". She continued to work that day and worked again on May 25, but on May 26 she could scarcely walk and was incapacitated. The next day she went to the Emergency Room of Riverside Hospital where X-ray photographs were taken and examined, and her problem was diagnosed as back sprain. On May 29, she consulted Dr. Campbell.

The only case cited by the hearing Commissioner in his opinion was *Reserve Life Ins. Co.* v. *Hosey,* 208 Va. 568, 159 S.E.2d 633 (1968). In that case, the claimant in the course of her employment was making a door-to-door survey. As she reached the top of a flight of stone steps her knee caught and snapped as if a bone had broken, and she experienced a sharp, severe pain. Her injury was diagnosed as traumatic synovitis of the knee, and an operation was required to relieve her. Ruling that the claimant was disabled as a result of injury by accident, the Commission awarded compensation. We held that the Commission's finding was supported by credible evidence and affirmed the award.

*Hosey* is consistent with the established principle that an injury by accident arises from an identified incident that occurs at some reasonably definite time. *See Aistrop* v. *Blue Diamond Coal Co.,* 181 Va. 287, 293-94, 24 S.E.2d 546, 548-49 (1943). Thus, in *Big Jack Overall Co.* v. *Bray,* 161 Va. 446, 171 S.E. 686 (1933), an injury by accident arose when a woman attempting to lift a bundle of clothes while

her body was in an awkward position felt a sudden snap or tear in her back and immediately experienced severe pain. In *Commonwealth* v. *Hughes,* 161 Va. 714, 172 S.E. 155 (1934), controlled by *Bray,* we upheld an award of compensation where abdominal injury resulted from a fall from a truck which suddenly jerked forward while the claimant was working on it. In *Derby* v. *Swift & Co.,* 188 Va. 336, 49 S.E.2d 417 (1948), while lifting a loading table, the claimant experienced a sharp pain in his side, later diagnosed as caused by a hernia. The Commission denied recovery on the ground that there had been no compensable accident. We reversed, holding that, although the claimant was performing his usual work, he suffered a sudden, unusual, unexpected, and painful abdominal rupture that constituted an accident. And, in *Virginia Electric Etc., Co.* v. *Quann,* 197 Va. 9, 87 S.E.2d 624 (1955), a claimant injured his back while lifting a heavy coil of wire that suddenly shifted and put an unanticipated strain upon him. He "felt something pop or make a definite snap" in his back. 197 Va. at 10, 87 S.E.2d at 625. We upheld an award of compensation for accidental injury.

█ In *Bray, Hughes, Derby, Quann,* and *Hosey,* the employee in each case identified the injury with a movement made or action taken at a particular time at work and arising out of and in the course of the employment. Where the employee cannot so identify an incident causing his injury, however, he cannot recover compensation. *Tomko* v. *Michael's Plastering,* 210 Va. 697, 173 S.E. 2d 833 (1970). *See also Hurd* v. *Hesse & Hurt,* 161 Va. 800, 172 S.E. 289 (1934).

█ In *Tomko,* the employee was engaged in installing pieces of sheetrock weighing approximately 150 pounds each, heavier than he usually handled. He normally experienced some soreness in his back on weekends after working during the week, but on the last Friday he worked he was more sore than usual. On Saturday, after working several hours, he was again sore, and his pain increased over the weekend. When, still suffering, he returned to work on Monday and completed the job, he complained to his employer and to a fellow-employee of pain in his back and leg. On Tuesday, he was examined by an orthopedic surgeon who diagnosed his problem as a herniated disc. We reaffirmed the applicable rule set forth in *Virginia Electric, Etc., Co.* v. *Quann, supra,* 197 Va. at 12, 87 S.E.2d at 626, as follows:

" ' . . . [W]hen usual exertion results in actually breaking, herniating, or letting go with an obvious sudden mechanical or structural change in the body, whether external or internal, the injury is accidental. . . .' "

210 Va. at 699, 173 S.E.2d at 835.

There was no evidence of any "sudden mechanical or structural change" in Tomko's body to bring him within the rule. Nor was there evidence of any work-related event giving rise to the injury. Therefore, in affirming the denial of compensation by the Commission, we held that the claimant had failed to sustain his burden of proving an injury by accident within the meaning of the statute.[2]

The facts in the present case are more akin to those in *Tomko* than to those in *Bray, Hughes, Derby, Quann,* or *Hosey*. Here, as in *Tomko*, there was no evidence of any sudden change in Starks's body. She had suffered pain in her back and leg since 1977. She suffered such pain in increasing intensity on May 24 and 25, but she could not attribute it to any identifiable movement, incident, or event on either day. Accordingly, we hold that the claimant has failed to sustain her burden of proof, that there is no evidence to support the Commission's award of compensation, and that we must, therefore, reverse the award and enter judgment in favor of Badische.

*Reversed and final judgment.*

---

[2] We also held that there was no proof of any causal relation between Tomko's disability and his job. *Id.* at 700, 173 S.E.2d at 835-36.