## Richmond

VIRGINIA ELECTRIC AND POWER COMPANY

v.

SARAH L. COGBILL

March 12, 1982.

Record No. 810034.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, Stephenson, JJ., and Harrison, Retired Justice.

*James A. Harper, Jr. (Gregory B. Robertson; J. Kennerly Davis; Hunton & Williams,* on brief), for appellant.
*Jay J. Levit (Levit & Mann,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

In this appeal of an Industrial Commission (Commission) award, the sole question for decision is whether the Commission erred in holding that Sarah L. Cogbill suffered an injury by industrial accident. Cogbill filed an application with the Commission on May 5, 1980, seeking compensation and medical benefits for a back injury, and on December 8, 1980, the Commission awarded her compensation.

The Virginia Electric and Power Company (Vepco) employed Cogbill as an operations clerk. This position required her to work seated at a desk in a cushioned office chair. Cogbill testified that she could "move around" when she wished.

On Saturday, April 19, 1980, Cogbill worked at a public auction of Vepco's surplus motor vehicles. She sat in a straight, hard-back chair on a truck bed while recording bids on a clipboard resting on her lap. She worked bent over for three and one-half to four hours without interruption. During the auction her back "began to bother her," and grew painful that evening. Cogbill worked at her regular job the following Monday, Tuesday, and Wednesday. On Thursday, at her supervisor's suggestion, she went to the company doctor. He referred her to an orthopedic doctor who diagnosed her backache as lumbar strain resulting from her prolonged sitting at the April 19 auction.

The record further establishes that Cogbill had had previous trouble with her back. Between 1969 and June 23, 1975, she took 111 days of sick leave. Of this, a portion was for back-related complaints. From October, 1977, to March 7, 1978, she was absent 20 days for back problems resulting from a fall. Since March, 1978, she had not taken sick leave and had not received medical treatment for backaches or injury.

The hearing commissioner ruled that Cogbill had suffered an injury by accident and awarded compensation. Vepco sought a review before the full Commission. Affirming, the Commission referred to the broad definition of "accident" found in *Reserve Life Ins. Co.* v. *Hosey,* 208 Va. 568, 159 S.E.2d 633 (1968).

A year ago we addressed the interpretation of "injury by accident" in *Badische Corp.* v. *Starks,* 221 Va. 910, 275 S.E.2d 605 (1981). The claimant, a creeler, regularly lifted weights exceeding 40 pounds. She testified she did nothing unusual at work on the day her back "began to bother her." The pain increased that evening and during the next day at work. She did not work on the third day, but saw a physician who diagnosed her ailment as back sprain. The evidence also revealed that she had suffered similar, but less intense, pains for two years prior to this complaint.

After examining prior case law, we reaffirmed the rule set forth in *Virginia Electric, Etc., Co.* v. *Quann,* 197 Va. 9, 12, 87 S.E.2d 624, 626 (1955), which requires "an obvious sudden mechanical or structural change in the body" for accidents resulting from ordinary exertion to be compensable. We also noted that the claimant must prove that the injury by accident arose "from an identified incident that occurs at some reasonably definite time." *Badische Corp.* v. *Starks,* 221 Va. at 912, 275 S.E.2d at 606.

Starks' normal activities caused her injuries, but those injuries did not produce a sudden, obvious physical change. We denied recovery because Starks merely had a worsening, but preexisting, condition which she could not attribute to any identifiable incident.

Cogbill's situation is analogous to that of the claimant in *Badische.* First, her injury resulted from an activity similar in nature to her regular job, requiring no different or unusual exertion. Cogbill argues that her bent position, the hard-back chair, and the enforced prolonged sitting combine to make this activity significantly different from her regular job. We disagree. Her required actions and the level of exertion in no way distinguish the two activities. Both jobs were sedentary, requiring Cogbill to write. During the auction, she was at liberty to stand, but chose not to do so because it was more convenient to sit. Finally, the difference between a hard-back and cushioned chair is immaterial.

Second, Cogbill suffered no sudden, obvious mechanical or structural change. Her back, like the claimant's in *Badische,* "bothered" her, growing more painful later. Cogbill could not pinpoint when her back began aching or what caused the ache, but she urges this court to accept her argument that prolonged sitting in a bent-over posture caused the injury. She relies on *Hosey, supra,* for the definition of accident as an unusual and unexpected event. We reject this argument.

In *Rust Engineering Co.* v. *Ramsey,* 194 Va. 975, 980, 76 S.E.2d 195, 199 (1953), we held that "the Workmen's Compensation Act was adopted for the benefit of the employees and their dependents and that it should be liberally construed in order to accomplish this humane purpose. But liberal construction does not mean that the Act should be converted into a form of health insurance." With this principle in mind, we find *Hosey, supra,* factually distinguishable from the case before us. In *Hosey,* the claimant injured her knee while climbing steps. The evidence revealed that the step where the injury occurred was higher than normal steps, requiring unusual exertion, and her injury was sudden and severe.* Cogbill's exertions fell within the scope of her normal activities; we do not consider her exertion unusual in any significant particular. Her injury developed slowly, not suddenly.

---

* Our recent decisions in *Richmond Memorial Hospital* v. *Crane,* 222 Va. 283, 278 S.E.2d 877 (1981), and *Badische Corp.* v. *Starks, supra,* have limited the application of *Hosey.* In *Crane,* the employer admitted that the injury was accidental, aruging solely that it did not arise out of the employment.

We hold this injury stemming from mere sitting is not an accidental injury.

We will reverse the award entered against Vepco and enter final judgment dismissing Cogbill's application.

*Reversed and final judgment.*