324 S.E.2d 656 (1985)
CITY OF NORFOLK/DEPARTMENT OF FIRE
v.
Arnold R. LASSITER.
Record No. 831502.
Supreme Court of Virginia.
January 18, 1985.
*657 Patrick H. Knight, Asst. City Atty. (Philip R. Trapani, City Atty., on briefs), for appellant.
William P. Williams, Norfolk, for appellee.
Present: All the Justices.
PER CURIAM.
The sole question on appeal is whether the Industrial Commission erred in assessing an attorney's fee against an employer, pursuant to Code § 65.1-101.[1]
Arnold R. Lassiter, a Norfolk fire fighter, sustained a back injury on November 1, 1982, after returning from the scene of a fire. He and his deputy fire chief promptly filed reports which stated that Lassiter had felt a sharp pain in the lower back while stepping down from the cab of the fire truck to the running board. An agent for the employer's Safety Officer testified that Lassiter told him, on January 17, 1983, that he had experienced the back pain before leaving the cab of the fire truck, as he was "preparing to get out of the operator's position and leave." The following day, Lassiter gave a written statement to the Safety Officer, in which he said that he experienced the pain when he "began what would have been a normal descent ... [and that] when stepping from the seat of the cab to the running board ... felt a sudden surge of pain...." Thereafter, Lassiter stated, he went to another fire, the third of the day, and carried out his normal duties.
The Safety Officer informed Lassiter, by letter, that his claim was not deemed to constitute a compensable accident under the Act, and advised him of his right to seek redress before the Industrial Commission. Lassiter applied for a hearing. He testified before a deputy commissioner, on April 28, 1983, for the first time, that his injury had been caused when his boot skidded off the step of the fire truck.
The City defended on the ground that the injury had not been sustained "arising out of and in the course of the employment," as required by Code § 65.1-7 and subsequent case law. The deputy commissioner's opinion awarded compensation, fined the City $250.00 for failure to file an Employer's First Report of Accident, and sua sponte assessed a $500.00 attorney's fee against the City, finding that it had defended the claim without reasonable grounds.
On review, the full Commission affirmed the award of compensation and the attorney's fee, but reversed the fine upon ascertaining that the Employer's First Report of Accident had indeed been timely filed by the City, but misfiled by the Commission.
We think the City had reasonable grounds to defend Lassiter's claim. The City heard, for the first time at the hearing, *658 Lassiter's contention that his boot had skidded from the step. At all times during the City's investigation of the matter, he had given no account of any accident or sudden precipitating event on the job which might have caused his injury. On two occasions, he stated that he had experienced pain while making a normal descent to the running board. At another time, he stated that his pain first occurred before he began his descent, while "preparing to get out of the operator's position and leave."
Not every injury is compensable which results from a movement made by an employee on the job. In Richmond Mem. Hosp. v. Crane, 222 Va. 283, 278 S.E.2d 877 (1981), we reversed an award of compensation to a registered nurse who sustained a muscle tear while walking in a normal manner after arising from a chair while on duty in the hospital. Although her injury clearly occurred in the course of her employment, it could not be fairly traced to her employment as a contributing proximate cause. It came from a hazard to which she would be equally exposed apart from her employment. It did not, therefore, "arise out of" her employment as required by the Act. Id., 222 Va. at 285-86, 278 S.E.2d at 879.
The versions of the facts given to the City by Lassiter at all times prior to the hearing would have induced a reasonable mind to believe that the case was governed by Crane, and that compensability was, to say the least, doubtful. The Commission, therefore, erred in finding that the City defended the claim without reasonable grounds.[2] Accordingly, we will reverse that part of the Commission's order which awards attorney's fees against the City, affirm the remaining parts of the order, and enter final judgment here.
Reversed in part, affirmed in part, and final judgment.
NOTES
[1] § 65.1-101. Costs.  If the Industrial Commission or any court before whom any proceedings are brought or defended by the employer under this Act shall determine that such proceedings have been brought, prosecuted or defended without reasonable grounds, it may assess against the employer who has so brought, prosecuted or defended them the whole cost of the proceedings, including a reasonable attorney fee, to be fixed by the Commission.
[2] Although the deputy commissioner's opinion awarded an attorney's fee on the ground that "[c]laimant should not have had to incur the expense of retaining counsel in this clearly compensable case," the full Commission's opinion on review found that "under the circumstances the employer was not justified in requesting a Review of the award of Compensation benefits." (Emphasis added.) Thus, it is unclear from the record whether the Commission's final award of attorney's fees is premised upon the City's original defense of the claim, or its application for review, or both. Because of the view we take of the case, we find an award of attorney's fees against the City to have been unwarranted at any level.