## Kraft Dairy Group, Inc., et al.

### v.

## Ann M. Bernardini

Record No. 840619

Decided April 26, 1985, at Richmond

Present: All the Justices

*Ralph L. Whitt, Jr. (Sands, Anderson, Marks & Miller*, on brief), for appellants.
*L. Willis Robertson, Jr.*, for appellee.

PER CURIAM.

This appeal requires us to reexamine the question whether an injury caused by cumulative trauma due to repetitive exertions amounts to an "injury by accident," as specified by Code § 65.1-7, thus becoming compensable under the Workers' Compensation Act.

Ann M. Bernardini, the claimant, had been employed for about three years by Kraft Dairy Group, Inc., in a plant manufacturing ice cream. In April 1983, she was assigned to new duties which involved removing from a production line cellophane-wrapped bundles of four half-gallon containers of ice cream and stacking them on a wooden pallet. When 360 half-gallons were stacked on a pallet, the claimant covered the stack with a towel or piece of cardboard. She then, with the help of her foreman, lifted an empty wooden pallet, weighing 75 to 100 pounds, placed it on top of the completed stack, and began a second stack above the first.

On June 6, 1983, after the claimant had filled "eighteen to twenty" pallets with over six thousand half-gallon containers of ice cream, while putting a towel on "top of the second layer," she experienced "a strong pull pain" in her left arm. She described the pain to her foreman, who was helping her put the towel in place, and told him that she "needed to see a doctor." She continued to work on June 6, and worked thereafter on June 7, 8, and 9. On June 10, she consulted a physician of her own choice, Dr. Michael J. Decker. He reported that the claimant:

was in good health until she developed shoulder pain while working Monday [June 6] at the Sealtest Ice Cream factory where she loads pallets with "tubes" of ice cream. Each tube contains 3 half-gallons of ice cream and the patient has to lift as many as 3 of these at a time in a very rapid manner.

Dr. Decker's diagnosis was "strain of the left shoulder and arm." He later reported, "I think we are dealing with a chronic musculoligamentous strain." He also opined, "[W]ithout a doubt, her heavy lifting at work caused the problems in her shoulder."

The claimant returned to work on June 20, 1983, but was unable to work the full day due to the pain in her arm and shoulder. On Dr. Decker's advice, she remained away from work thereafter because no light-duty work was available for her. In September, she was examined by Dr. Herman N. Nachman, an orthopedic surgeon. Dr. Nachman reported: "It is my impression, based upon history, physical examination and x-ray studies that Miss Bernardini sustained a strain of the muscles of the left upper and forearm areas as a result of repetitive heavy lifting that she described occurring June 6, 1983." He recommended that she return to work, but restrict her lifting to 20 pound loads for at least two weeks. He said, "[S]he may then resume working without restriction of weight lifting, but I think that the physical capability of this young lady must be taken into account in her job assignment."

The employer defended the claim on the grounds that no industrial accident had been shown and that the claimant had given defective notice. Deputy Commissioner Yates, after a full hearing, held that the claimant had failed to carry her burden of proving the occurrence of an industrial accident. On review, the full commission, Chairman James dissenting, reversed the deputy commissioner's order, found that an industrial accident had been proved, and held that sufficient notice had been given to the employer. Because we agree with the views expressed in the deputy commissioner's opinion and in the dissenting opinion with respect to the absence of proof of an industrial accident, it is unnecessary to discuss the adequacy of notice.

■ The case is controlled by our recent decision in *The Lane Company, Inc.* v. *Saunders*, 229 Va. 196, 326 S.E.2d 702 (1985) where, reaffirming our prior holdings, we said, "in order to show that he has suffered an 'injury by accident' arising out of ordinary

exertion, a claimant must prove an 'identifiable incident that occurs at some reasonably definite time,' which is the cause of 'an obvious sudden mechanical or structural change in the body'." *Id.* at 199, 326 S.E.2d at 703 (citations omitted). In *City of Norfolk v. Lassiter*, 228 Va. 603, 324 S.E.2d 656 (1985), we held that an employer was justified in defending a claim where the claimant had given "no account of any accident or sudden precipitating event on the job which might have caused his injury." *Id.* at 605, 324 S.E.2d at 658.

Here, Miss Bernardini was engaged in doing the normal, repetitive work required by her assigned duties. She had been performing these duties for several months without injury, although Dr. Nachman's report implied that the heavy lifting required of her might have exceeded her physical capabilities. Both physicians who examined her concluded that her injury was caused by the repetitive heavy lifting she did at work. She was, in other words, injured by the cumulative trauma caused by the physical exertions inherent in her normal work. Although she first reported a "strong pull pain" in her arm on June 6, 1983, she could point to no accident, identifiable incident, or sudden precipitating event on that day, or on any other day, to which her injury could be attributed. At the time she reported her pain to her foreman, she was engaged in nothing more strenuous than arranging a towel over a stack of ice cream containers.

■ Under the well-settled law in Virginia, an injury resulting from the cumulative trauma caused by the physical exertions inherent in an employee's normal work is not an "injury by accident," compensable under the Workers' Compensation Act. As we pointed out in *Lane*, any marked change from this settled rule involves policy determinations that "are peculiarly within the province of the General Assembly." *Lane*, 229 Va. at 703, 326 S.E.2d at 703.

■ Although the claimant in *Lane* was similarly unable to prove an "accident, identifiable incident, or sudden precipitating event" which caused his injury, he did at least sustain a disc herniation, which, if its onset could have been shown to be sudden, rather than gradual or cumulative, might have qualified as an "obvious sudden mechanical or structural change in the body." Here, Miss Bernardini was found to have a "strain," later characterized as a "chronic musculoligamentous strain," resulting from repetitive heavy lifting. This condition falls short of the "obvious

sudden mechanical or structural change in the body" which is prerequisite to a finding of an "injury by accident" compensable under the Act. *VEPCO* v. *Cogbill*, 223 Va. 354, 288 S.E.2d 485 (1982); *Badische Corp.* v. *Starks*, 221 Va. 910, 275 S.E.2d 605 (1981); *Virginia Electric, Etc., Co.* v. *Quann*, 197 Va. 9, 87 S.E.2d 624 (1955).

For the foregoing reasons, we will reverse the order of the Industrial Commission, vacate the award, and dismiss the claim.

*Reversed and dismissed.*