## JEWELL RIDGE COAL CORPORATION

v.

## RONNIE L. McGLOTHLIN

No. 0697-85

Decided May 6, 1986

COUNSEL

Ellen Joyce Barry (Michael F. Blair; Penn, Stuart, Eskridge & Jones, on brief), for appellant.

Thomas R. Scott, Jr. (Street, Street, Street, Scott & Bowman, on brief), for appellee.

OPINION

**COLEMAN, J.**—In this appeal from an award by the Industrial Commission, we consider whether there was credible evidence to support the finding that Ronnie Lee McGlothlin (claimant) sustained a back injury by accident arising out of his employment as a heavy equipment operator for Jewell Ridge Coal Corporation. Specifically, Jewell Ridge contends that the evidence was insufficient to establish an identifiable incident that occurred at some reasonably definite time which was the cause of an obvious sudden mechanical or structural change to claimant's back. Because credible evidence exists to support the Commission's factual findings of an accidental injury arising out of the employment, those findings are conclusive and binding on appeal, and require that the award of disability and medical benefits be affirmed.

The claimant's burden to prove injury by accident requires a showing of an "identifiable incident that occurs at some reasonably definite time" which is the cause of "an obvious sudden mechanical or structural change in the body." *Kraft Dairy Group, Inc. v. Bernardini,* 229 Va. 253, 255-256, 329 S.E.2d 46, 47 (1985); *Lane Co. v. Saunders,* 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985). The claimant must identify the injury with a movement made or action taken at a particular time at work. *Bradley v. Philip Morris, U.S.A.,* 1 Va. App. 141, 144, 336 S.E.2d 515, 517 (1985) (quoting *Badische Corp. v. Starks,* 221 Va. 910, 913, 275 S.E.2d 605, 606 (1981)).

Viewing the evidence from the standpoint most favorable to claimant, on May 7, 1984, at 6:00 a.m., he reported to his job as a heavy equipment operator for Jewell Ridge—a job which he had performed for approximately eight years. Due to heavy flooding which had occurred the night before, he had to operate the end-loader over fractured and uneven terrain, which subjected him to a number of "jerks" and "jolts." Claimant testified that around 11:00 a.m., "one of these jars just hurt me so bad" that it immediately "hurt my back and my legs, and I just couldn't operate correctly after that." He stated that the pain gradually became more intense, but that he continued working, in extreme pain, until his work shift concluded at 1:15 p.m. James Richardson, claimant's supervisor, testified that sometime during the morning of May 7, 1984, claimant informed him that his back and legs were hurting. Richardson did not at that time, however, question claimant as to the cause of the pain.

After work on May 8, 1984, McGlothlin reported to Dr. Motos, who referred him to Dr. Bendigo, an orthopedic surgeon. On May 11, 1984, Dr. Bendigo determined from a lumbar CT Scan and myelogram that claimant had a disk herniation at L-4/L-5 and L-5/S-1. Claimant underwent surgical repair of the disk herniation by Dr. Bendigo on June 5, 1984. In addition to the disk herniation, the examination disclosed some degree of lumbosacral spinal stenosis, degenerative osteoarthritis of the lumbar spine, and lumboradicular syndrome. Claimant was discharged from the hospital on June 16, 1984. The initial May 15, 1984, discharge summary from the hospital and the August 27, 1984, medical report of Dr. Bendigo support the Commission's finding of claimant's disability for work, and also reiterate the same history of injury as given by claimant at the Industrial Commission hearing.

In contending that the evidence does not prove injury by accident, Jewell Ridge focuses upon what it considers to be factual inconsistencies in claimant's deposition and hearing testimony, asserting that throughout the deposition claimant merely described a gradual onset of pain, rather than a single identifiable incident or injury. Additionally, Jewell Ridge emphasizes the diagnoses of stenosis and degenerative osteoarthritis together with the history of low back pain to support its contention that disability occurred gradually, rather than suddenly as a result of a specific incident. Although the Commission properly considered the deposition evi-

dence, it concluded that the testimony which described a series of occurrences, without identifying a specific incident that caused the injury, did not necessarily constitute an inconsistency that precluded recovery, so long as the evidence taken as a whole did not make it appear clearly and unequivocally that the claim was without merit. *See Seven-up Bottling Co.* v. *Mosley,* 230 Va. 245, 249, 335 S.E.2d 272, 275 (1985).

The Commission found as a fact that claimant proved an identifiable incident at a reasonably definite time—the driving of the endloader over a rut and rough terrain and the "jarring" of claimant at approximately 11:00 a.m. on May 7, 1984. The testimony of the claimant constituted credible evidence upon which the Commission could find a specific identifiable employment-related incident. We are bound by the Commission's finding.

We next consider whether claimant proved that the obvious sudden mechanical or structural change to his body—the herniated disk—resulted from the incident, rather than being a degenerative condition which finally became disabling after a long period of working as an equipment operator. The history of prior back complaints and diagnoses of stenosis and degenerative osteoarthritis did not show evidence of bulging or a disk herniation prior to the incident of May 7, 1984. Claimant described the severity and immediacy of pain following the incident: "[I]t just all at once started hurting right down into my legs . . . my lower back and my legs . . . so bad I couldn't stay on the loader." The magnitude of the pain increased, resulting in a diagnosis of disk herniation which required surgical intervention. This evidence was sufficient to support the Commission's conclusion that McGlothlin had suffered the disk herniation as a result of the specific, identifiable incident that was the cause of a sudden mechanical or structural change in the body.

When a claimant's testimony, taken as a whole, does not make it appear clearly and unequivocally that the case is without merit, then his case is not fatally damaged because of inconsistencies in his testimony. *Id.* at 249, 335 S.E.2d at 275. Here, there was evidence from which the trier-of-fact could have believed that claimant reasonably identified the time and place of his injury. The evidence was credible. To the extent that claimant's testimony may have suggested or described a gradual development of pain and injury, it was equally descriptive of an increase in severity of pain

following a sudden obvious structural change in his back. The evidence supports the Commission's finding.

Jewell Ridge also criticizes the Commission's award of compensation on the basis of the principle enunciated in *Rust Engineering Co. v. Ramsey,* 194 Va. 975, 76 S.E.2d 195 (1953): "Mere exertion, which is not greater than that ordinarily incident to employment but which combines with pre-existing disease to produce disability is not compensable as an 'accidental injury.' " *Id.* at 980, 76 S.E.2d at 198 (citations omitted). Jewell Ridge asserts that claimant's description of pain gradually building is consistent with medical evidence of a degenerative disease, and that the injury, which resulted from "mere exertion" that combined with the pre-existing disease, is therefore not compensable.

■ From our review of cases that come to this Court, we believe that undue emphasis is being placed on the language quoted from *Rust* without considering the actual holding and facts of that case. In *Rust,* the claimant, who suffered from pre-existing hypertension, could point to no identifiable incident that had an origin or cause related to the employment which caused a cerebral hemorrhage that was diagnosed three days after he experienced dizziness and numbness following lifting a steel beam at work. The Supreme Court held that claimant's evidence of the occurrence of an event which constituted an accident was not credible and that he failed to prove an identifiable event originating with his employment which caused the injury. The quoted language relied on by Jewell Ridge merely states that an employee is not entitled to compensation when he becomes incapacitated due to a pre-existing condition which cannot be shown to have combined with an employment-related accident that causes an injury. As noted in *Virginia Electric & Power Co. v. Quann,* 197 Va. 9, 14, 87 S.E.2d 624, 627 (1955), if the exertion from employment can be shown to have actually resulted in the sudden and obvious injury to the employee regardless of a predisposing physical weakness or condition, the disability is compensable.

The Commission's finding that claimant suffered injury by accident arising out of and in the course of his employment was established by his testimony, the evidence of his fellow employees, and was supported by credible medical evidence. We affirm the Commission's award.

*Affirmed.*

Cole, J., and Moon, J., concurred.