**Richmond**

CALVIN L. JOHNSON

v.

CHESTERFIELD COUNTY

No. 0617-86

Decided September 1, 1987

16

COUNSEL

Michele Andrea (Malcolm Parks, III; Maloney, Yeatts and Barr, on brief), for appellant.

Karen D. Waldron, Assistant County Attorney, on brief, for appellee.

OPINION

**BARROW, J.** — This appeal from the Industrial Commission questions when an employee's accident is deemed to have arisen out of his employment. We conclude that the commission misapplied the applicable law; therefore, we reverse and remand for further proceedings.

At the time of the accident, the injured employee was a fifty year old water filter operator. During his work shift, he descended steps to the basement of the water filter plant to turn off raw water pumps. Later, as he began to ascend the steps, he remembered that he had to check a water meter chart, and, as he turned around on the first step, he fell to the floor. He felt a sharp pain in his knee but cannot remember if the pain occurred before or after the fall. While at work he was required to wear steel-toed safety shoes that rubbed his toes and affected his walk. He said that he had never injured his knee before. He suffered a "probable torn meniscus" and was recommended for arthroscopic surgery.

The commission found that the employee's knee "gave way as he turned on the step which caused his fall." It concluded that there were no risks "in traversing the steps" that were "inherent in the employment environment" and that there was no injury to the knee caused by the fall. For these reasons it decided that the injury did not arise out of the employment and was, therefore, not compensable.

■ To be compensable an injury must "arise out of . . . the employment" and occur "in the course of the employment." *Reserve Life Ins. Co. v. Hosey*, 208 Va. 568, 571, 159 S.E.2d 633, 635 (1968). Both concepts are prerequisite to compensability. *Baggett Transportation Co. v. Dillon*, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978). "[A]rising out of" employment refers to the origin or cause of the injury, while "in the course of" the employment refers to the time, place and circumstances under which the accident occurred. *Id.*

The employer does not deny that the accident occurred "in the course of" the employee's employment since it occurred during his work shift and while he was "reasonably fulfilling the duties of his employment . . . ." *Norfolk & Washington Steamboat Co. v. Holladay*, 174 Va. 152, 157, 5 S.E.2d 486, 488 (1939). The con-

troverted issue is whether the injury arose out of the employment.

■ For an injury to arise out of the employment there must be "a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Bradshaw v. Aronovitcsh*, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). This test excludes "an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment." *Id.*

■ This exclusion is more completely defined by a comparison of several cases which discuss it. In *Reserve Life Ins. Co. v. Hosey*, 208 Va. 568, 159 S.E.2d 633 (1968), the Supreme Court affirmed a finding that a knee injury, including a possible tear of a medial meniscus, was caused by an accident arising out of the employment. The employee, while doing a door to door survey for her employer, was going up the steps of a home when she felt a sharp severe pain in her knee as she made the final step. She did not know what caused the knee "to twist or turn 'because it had never happened before.' " *Id.* at 569, 159 S.E.2d at 634. In affirming that this injury did "arise out of the employment," the Court observed that a risk is "incidental to the employment when it belongs to or is connected with what the employee has to do in fulfilling his contract of service." *Id.* at 572, 159 S.E.2d at 636. It also said that the phrase "arising out of" should be given a "liberal construction in order to effectuate the humane and beneficent purposes of the [a]ct." *Id.*

More recently, the Supreme Court held that an injury to a leg muscle did not arise from employment when it occurred while the employee walked along a level, clean, unobstructed and well lighted corridor. *Richmond Memorial Hospital v. Crane*, 222 Va. 283, 285-86, 278 S.E.2d 877, 879 (1981). The Court observed that the employee did not "slip, trip, stumble or fall" and that "[n]othing within her work environment contributed to her injury." *Id.* The Court distinguished *Hosey* and pointed out that the employee in *Hosey* was "climbing steps, not walking along a level corridor and, more importantly, the steps 'were just a little bit higher than usual.' " *Crane*, 222 Va. at 286, 278 S.E.2d at 879 (citations omitted).

Since then, this Court has concluded that the Supreme Court's observation that the steps in *Hosey* "were just a little bit higher than usual" was not vital to the outcome in *Hosey*. *Hercules, Inc. v. Stump*, 2 Va. App. 77, 81-82, 341 S.E.2d 394, 396-97 (1986). The reference to the height of the steps was simply an additional factor peculiar to the work environment that further distinguished the facts in *Hosey* from those in *Crane*. *Id*. In *Stump*, where an employee injured his knee when he slipped and fell from a stairway at his place of work, this Court also observed that to be compensable an injury does not have to result from an unusual or defective condition. *Id*. at 79, 341 S.E.2d at 395.

Another important difference between *Crane* and *Hosey* is that in *Crane* the cause of the injury was unknown whereas in *Hosey* the cause was known. In *Crane* the employee's muscle tear occurred when she was walking along a "level, clean, unobstructed and well lighted corridor" and without her slipping, tripping, stumbling or falling. *Crane*, 222 Va. at 285-86, 278 S.E.2d at 879. On the other hand, in *Hosey* the initial treating physician reported on a written form that the employee's torn meniscus was caused by the accident and that the employee was not suffering from some other condition. In *Hosey* there was a causal connection between the employee's work and the injury; in *Crane* there was not. Thus, the requirement that an injury must "arise out of the employment" excludes idiopathic disease, one whose cause is unknown or uncertain. *Winegar v. International Telephone & Telegraph*, 1 Va. App. 260, 263, 337 S.E.2d 760, 761 (1985).

Another group of cases also defines when an injury "arises out of the employment." These cases discuss the requirement as it applies to injuries occurring on streets and highways. Virginia, following the majority rule, employs the "actual risk test" under which "it is immaterial . . . whether the degree of exposure is increased, if in fact the employment subjected the employee to the hazards of the street, whether continuously or frequently." *Immer & Co. v. Brosnahan*, 207 Va. 720, 725, 152 S.E.2d 254, 257 (1967) (quoting 1 A. Larson, Workmen's Compensation Law § 9.10 (1964)). This test is "not that other persons are exposed to similar risks, but rather that the employment exposes the workman to the particular danger in the street." *Dreyfus & Co. v. Meade*, 142 Va. 567, 574, 129 S.E. 336, 338 (1925).

Applying the "actual risk" test in these "street cases" has resulted in compensating an employee injured on a street or highway while on a mission of his employment. *See Brosnahan*, 207 Va. at 727-28, 152 S.E.2d at 259; *Cohen v. Cohen's Department Store, Inc.*, 171 Va. 106, 108-09, 198 S.E. 476, 477 (1938). Conversely, it has also resulted in denying compensation to an employee injured on the street or highway while on a mission of his own unconnected with his employment. *Meade*, 142 Va. at 576, 129 S.E. at 338. Thus, where in the furtherance of his employment the employee is exposed to a hazard which causes him injury, his injury is a cost of doing that business and is, therefore, compensable. Conversely, where the injury results from a hazard to which the employee is exposed as a result of his own personal errand, his injury is not a cost of doing his employer's business and is not compensable.

■ The "actual risk" test is not limited in application to injuries occurring on a street or highway. The test also applies to those injuries which occur at the place of employment. *Southland Corp. v. Parson*, 1 Va. App. 281, 287, 338 S.E.2d 162, 165 (1985); *Park Oil Co. v. Parham*, 1 Va. App. 166, 169-70, 336 S.E.2d 531, 533 (1985).

■ The "actual risk" test is useful in understanding the exclusion of hazards to which an employee is exposed apart from the employment. An injury arises out of the employment even if the employment does not enhance or increase the degree of the specific risk to which the employee is exposed. An injury is compensable so long as the risk causing the injury is produced by the employment.

In the present case the commission misapplied the law in determining whether the employee's injury arose out of the employment. In saying that there were no "risks in traversing the steps . . . inherent in the employment environment," the commission's opinion suggests a need to prove that the employment created a greater degree of risk in "traversing the steps." This was incorrect. The employee was only required to show that his employment required him to use the steps as he did and that this, not some unknown cause, caused the injury to his knee.

There is no question that the employee was on the mission of his employer when he found it necessary to turn around on the

stairway which he was ascending. The attending physician reported that the employee's knee injury resulted from a twist type injury to his right knee at work. This was unrebutted evidence of a causal connection between the employee's work and the injury. But for its misapplication of the law, the commission would have had to find that the employee's injury arose out of his employment.

In conclusion, the commission misapplied the law by imposing a requirement of an enhanced employment-related risk as a prerequisite to compensability in determining if an accident arose out of the employment. Therefore, we reverse the commission's award and remand this case for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Cole, J., and Moon, J., concurred.