**Norfolk**

MERRILL J. KEMP, JR.

v.

TIDEWATER KIEWIT

No. 0020-88-1

Decided November 15, 1988

COUNSEL

John H. Klein (Rutter & Montagna, on brief), for appellant.

Henry P. Bouffard (Jett, Berkley, Furr & Bouffard, on brief), for appellee.

OPINION

BENTON, J. — The question presented in this appeal is whether the commission erred in concluding that the evidence did not establish an injury by accident arising out of employment.

The testimony by Merrill J. Kemp established that he was working on a trestle thirty feet above the ground. Before attempting to remove a blanket covering a concrete column, Kemp crawled over the top of the column and bent down to hook his lanyard to the safety belt. He described the occurrence as follows:

> I reached down and I hooked [a cable] and I came across and I reached fully down, and then I started feeling a numb-

ness in my right hand. . . . When I reached down to hook up I started to go down the side and at that point in time was when it started. . . .

Upon this testimony and the medical evidence the deputy commissioner found that Kemp suffered an injury by accident that aggravated a pre-existing physical condition. However, the commission, with a dissent, citing *Richmond Memorial Hospital v. Crane*, 222 Va. 283, 278 S.E.2d 877 (1981), reversed the deputy commissioner and held that Kemp was not exerting himself and thus failed to establish an accident arising out of employment. We reverse.

■ "[I]n order to show that he has suffered an 'injury by accident' arising out of ordinary exertion, a claimant must prove an 'identifiable incident that occurs at some reasonably definite time,' which is the cause of 'an obvious sudden mechanical or structural change in the body.' " *Lane Co. v. Saunders*, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985)(quoting *VEPCO v. Cogbill*, 223 Va. 354, 356, 288 S.E.2d 485, 486 (1982)); *see also Bradley v. Philip Morris, U.S.A.*, 1 Va. App. 141, 144, 336 S.E.2d 515, 516 (1985). There is no dispute concerning the existence of the identifiable incident and sudden mechanical or structural change in the body. The issue to be resolved is whether the evidence established a causal connection between the incident and the bodily change.

The commission erred in relying on *Crane* to support its conclusion that an injury by accident was not proved. The factual circumstances of this case are not sufficiently similar to *Crane* to justify invoking its legal principles. In *Crane*, the claimant was taking an uneventful walk "along a level, clean, unobstructed and well-lighted corridor," 222 Va. at 285-86, 278 S.E.2d at 879, when she "felt something snap" in her right leg. *Id.* at 284, 278 S.E.2d at 878. "Nothing in her work environment contributed to her injury." *Id.* at 286, 278 S.E.2d at 878.

In contrast, Kemp was working thirty feet above the ground in a fully extended position as he reached down to attach his lanyard to a safety line and first felt a numbness in his hand. The evidence is definite and undisputed that Kemp was performing a work-related task when the injury occurred. Moreover, the deputy commissioner had the only opportunity to observe Kemp and Kemp's depiction of how the incident occurred. The factual situation of

this case was one from which the deputy commissioner concluded and "from which the rational mind could conclude that the work environment was to some degree a contributing cause of the injury." *Id.* at 286, 278 S.E.2d at 879; *see also Reserve Life Ins. Co. v. Hosey*, 208 Va. 568, 571, 159 S.E.2d 633, 636 (1968). The cause and effect relationship between Kemp's job related task and the immediate onset of symptoms is apparent.

"A risk is incidental to the employment when it belongs to or is connected with what the employee has to do in fulfilling his contract of service." *Hosey*, 208 Va. at 572, 159 S.E.2d at 635; *see also Johnson v. Chesterfield County*, 5 Va. App. 15, 359 S.E.2d 833 (1987). "To constitute injury by accident it is not necessary that there should be an extraordinary occurrance in or about the work engaged in." *Derby v. Swift & Co.*, 188 Va. 336, 344, 49 S.E.2d 417, 421 (1948). The evidence is sufficient to establish an injury by accident "even though the degree of exertion is usual and ordinary and 'the workman had some predisposing physical weakness.' " *Id.* at 343, 49 S.E.2d at 420 (quoting *Guay v. Brown Co.*, 83 N.H. 392, 395, 142 A. 697, 699 (1928)).

The commission made no finding that contradicted the deputy commissioner's finding that the incident described by Kemp aggravated his preexisting condition. Dr. Foer's medical reports, cited in the commission decision, unequivocally established that Kemp's muscle strain injury was the result of an aggravation of his preexisting condition (a neurovascular compression syndrome of the thoracic outlet). "When an injury sustained in an industrial accident accelerates or aggravates a preexisting condition . . . disability resulting therefrom is compensable under the Workers' Compensation Act." *Ohio Valley Construction Co. v. Jackson*, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985); *see also Liberty Mutual Ins. Co. v. Money*, 174 Va. 50, 55-56, 4 S.E.2d 739, 741 (1939); *Russell Loungewear v. Gray*, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). " '[T]he employer takes the employee as he is and if the employee is suffering some physical infirmity, which is aggravated by an industrial accident, the employer is responsible for the end result of such accident.' " *McDaniel v. Colonial Mechanical Corp.*, 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986)(quoting *Hawkins v. Lane Co.*, 49 O.I.C. 144, 147 (1967)). Even if the accident would not have been sufficient to cause the injury in the absence of a preexisting disease, that fact

will not provide the employer with a defense. *Pendleton v. Flippo Construction Co.*, 1 Va. App. 381, 384, 339 S.E.2d 210, 212 (1986). Once exertion from employment is shown to have resulted in sudden, obvious injury to the employee, the disability is compensable, regardless of a predisposing physical weakness or condition. *Jewell Ridge Coal Corp. v. McGlothlin*, 2 Va. App. 294, 298, 343 S.E.2d 94, 96-97 (1986).

Accordingly, we reverse the decision of the commission and remand this appeal for entry of an award consistent with the holding herein.

*Reversed and remanded.*

Coleman, J., concurred.

Moon, J., dissenting.

I would affirm the Industrial Commission's decision vacating the award in this case because the evidence in the record does not, as a matter of law, require a finding that Kemp sustained an injury arising out of his employment.

Kemp testified at his hearing before the deputy commissioner that the injury occurred when he was "reach[ing] fully down." Such a movement is necessary to tie one's shoes, pick up a dropped envelope, or wipe up a spill from the floor, all routine tasks that one performs without extraordinary exertion. At his hearing, Kemp did not prove to the satisfaction of the deputy commissioner that his being on the trestle, his posture, or the weight of anything in his hand contributed to his injury. Nevertheless, the majority of this panel infers that he was "fully extended." This is an inference drawn sua sponte and is not based on the findings of fact made by the deputy commissioner or by the full commission. Further, it violates the rule that the Court of Appeals may only draw inferences of fact in the light most favorable to the appellee. *Morris v. Badger Powhatan/Figgie International, Inc.*, 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

When ruling for appellant, if the deputy commissioner relied upon something that occurred at the hearing that does not appear in the testimony, the deputy commissioner should have noted it for the record. This is because the full commission may draw different

inferences than the deputy commissioner. The insertion of such information in the record of the hearing is essential if the full commission and this court are to conduct well-reasoned reviews of the deputy commissioner's findings. *See Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 363 S.E.2d 433 (1987); *Williams v. Auto Brokers, Inc.*, 6 Va. App. 570, 370 S.E.2d 321 (1988). In *Pierce*, we held that a deputy commissioner's recorded observations concerning behavior and demeanor became part of the record that could not be arbitrarily disregarded. However, we cautioned in *Williams* that a deputy commissioner could not put his decision beyond review by merely mentioning as a reason for his decision the apparent credibility of the witnesses. Neither the Supreme Court nor this court has reversed the full commission and followed the deputy commissioner's decision upon an assumption that the deputy commissioner must have perceived something at the hearing that does not appear in the record. Nevertheless, the majority makes such an assumption in this case.

Separately, I dissent from the majority's conclusion of law that Kemp's injury was caused by his work. The majority distinguished this case from *Richmond Memorial Hospital v. Crane*, 222 Va. 283, 278 S.E.2d 877 (1981), a case in which the Supreme Court upheld the denial of benefits to a nurse whose knee snapped while she was walking down the hall of the hospital where she worked. Although the majority putatively distinguished *Crane* by asserting that Kemp's injury was "work related," his injury is, in fact, no more work related than Nurse Crane's injury: both were injured at their place of employment, during working hours, but one claimant suffered an injury while walking down the hall and the other claimant suffered an injury while bending over. In Kemp's case, the commission specifically found, as a matter of fact, that he "was not exerting himself at the time he experienced the onset of numbness in his right hand." Thus, there is no basis for distinguishing Kemp's case from *Crane*. There is a basis for applying our holding in *Russell Loungewear v. Gray*, 2 Va. App. 90, 341 S.E.2d 824 (1986), however. There, we explained the Supreme Court's language in *Rust Engineering Co. v. Ramsey*, 194 Va. 975, 76 S.E.2d 195 (1953):

Mere exertion, which is not greater than that ordinarily incident to employment but which combines with pre-existing disease to produce disability is not compensable as an "acci-

dental injury."

*Id.* at 980, 76 S.E.2d at 198 (citation omitted).

As we said in *Gray*, the element of exertion must be present for there to be a compensable injury. In this context, exertion implies that at least more exergic effort was made than is necessary to move the body itself, and that the additional effort caused the injury.

This case also squarely presents the issues raised in *City of Norfolk v. Lassiter*, 228 Va. 603, 324 S.E.2d 656 (1985). There, fireman Lassiter was injured as he stepped out of the cab and onto the running board of a fire truck. Citing *Crane*, the Supreme Court held that "[n]ot every injury is compensable which results from a movement made by an employee on the job," *Lassiter*, 228 Va. at 605, 324 S.E.2d at 658, but the Court did not articulate a test of what constitutes compensability. I would hold that the claimant must show that there was at least some significant work-related exertion that caused the injury. This result does not ignore the doctrine, well-established in Virginia, that the employer "takes the employee as he is," *McDaniel v. Colonial Mechanical Corp.*, 3 Va. App. 408, 414, 350 S.E.2d 225, 228 (1986), but instead applies the equally well-established concept of supervening cause. In this case, the predisposition to injury and the routine nature of the bending that Kemp claims caused the injury, compel the inference, in the absence of evidence to the contrary, that his intrinsic physical condition, and not anything connected to his employment, caused the injury. This analysis is in accord with the requirement that an injury be a "sudden mechanical or structural change in the body" which occurred "at some reasonably definite time," *Lane Co. v. Saunders*, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985); see 1B A. Larson, *The Law of Workmen's Compensation*, § 38.83 (1987).

Therefore, I would hold that Kemp failed to carry his burden of proof in the light of his pre-existing condition and his failure to prove to the satisfaction of the Industrial Commission that he exerted himself.