COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

JOSEPH BLACKWELL

MEMORANDUM OPINION[*] BY
v.  Record No. 1842-94-4          JUDGE JAMES W. BENTON, JR.
                                        JUNE 6, 1995
APRIL CONSTRUCTION CO., INC. AND
 UNINSURED EMPLOYER'S FUND

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Benjamin J. Trichilo (Lewis, Trichilo, Bancroft,
> McGavin & Horvath, P.C., on briefs), for appellant.
>
> Paul S. Stahl, Assistant Attorney General (James S.
> Gilmore, III, Attorney General; John J. Beall, Jr.,
> Senior Assistant Attorney General, on brief), for
> the Uninsured Employer's Fund.
>
> No brief or argument for April Construction Co., Inc.

Joseph Blackwell appeals from a decision by the majority of the commission that his injury did not result from a risk of employment.  For the reasons that follow, we reverse the decision.

I.

The evidence proved that Blackwell was employed by April Construction as a painter.  On July 4, 1993, Blackwell was sanding the front of a door at a residence preparatory to painting.  As he "was bending over sanding [the door] at the same time," he felt a pop in his back.  Because of the excruciating pain he had to leave work.

Dr. John C. Bucur diagnosed Blackwell's injury as

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

"lumbosacral strain . . . with the possibility of a ruptured lumbar disc at L4-5 on the left side." Dr. Bucur opined that Blackwell's injury was caused by the sanding and bending activity at work. He also opined that the injury was not connected with any previous injury.

After the incident that gave rise to Blackwell's claim, April Construction ceased doing business. Because April Construction was not insured, the claim was defended by the Uninsured Employer's Fund. Stating that "[t]he mere happening of an injury at the workplace is not sufficient" to prove a compensable injury, the commission found that Blackwell's proof that he was doing "nothing more" than bending while sanding the door failed to establish that his injury resulted from being in an "awkward or unusual position."

## II.

The principle is well established that "if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment." Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938). Furthermore, a risk of employment need not involve unusual exertion.

> "To constitute injury by accident it is not necessary that there should be an extraordinary occurrence in or about the work engaged in." The evidence is sufficient to establish an injury by accident "even though

2

            the degree of exertion is usual and ordinary
            and 'the workman had some predisposing
            physical weakness.'"

Kemp v. Tidewater Kiewit, 7 Va. App. 360, 363, 373 S.E.2d 725,

726 (1988)(citations omitted).

     Although a risk of employment may appear to be more obvious

if the work activity requires unusual exertion, "[t]hat the

activity was usual, and did not require exertion, and that the

injury was not 'foreseen or expected' are irrelevant" if the

injury follows as a natural incident of the work.  Grove v.

Allied Signal, Inc., 15 Va. App. 17, 22, 421 S.E.2d 32, 35

(1992).  Blackwell's uncontradicted testimony that he was bending

and sanding the lower part of the door when he suffered his

injury was sufficient to prove "that the conditions of the

workplace . . . caused [his] injury."  Plumb Rite Plumbing

Service v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306

(1989).

     Because the evidence proved that Blackwell's injury by

accident arose out of his employment, we reverse the decision.

                                              Reversed.