**Richmond**

THOMAS E. BRADLEY

v.

PHILIP MORRIS, U.S.A., et al.

No. 0090-84

Argued April 9, 1985

Decided November 6, 1985

COUNSEL

Brock Matthews for appellant.

A.W. VanderMeer, Jr. (Hunton & Williams on the brief), for appellee.

OPINION

BENTON, J.—This appeal grows out of an application filed by Thomas E. Bradley, the claimant, with the Industrial Commission alleging an injury by industrial accident on November 7, 1983, arising out of and in the course of his employment by Philip Morris, USA. The deputy commissioner found for the claimant and ordered an award. The full Commission on review reversed, holding that the claimant had failed to prove by a preponderance of the evidence the occurrence of an industrial accident arising out of and in the course of his employment. This appeal followed.

Claimant states the issue here to be whether "it is necessary for an employee to establish with precision the time or particular

physical activity which caused his injury?" In every worker's compensation case the claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment. Code § 65.1-7; *Richmond Memorial Hospital* v. *Crane,* 222 Va. 283, 285, 278 S.E.2d 877, 878 (1981); *Baggett Transportation Co.* v. *Dillon,* 219 Va. 633, 636, 248 S.E.2d 819, 821 (1978). The Commission concluded that the claimant failed to prove the first two elements under Code § 65.1-7-injury by accident arising out of his employment.

The claimant is a floor sweeper at employer's manufacturing plant. He has no set duties and performs various jobs around the plant at the direction of his supervisor. Late at night on November 7, 1983, the claimant began his work shift stocking towels in the restrooms. At 2:00 a.m., the claimant's supervisor told him to move several barrels of scrap metal from one end of the plant to another and to unload the scrap metal from the barrels to a scrap bin. The barrels were approximately three feet high, on rollers, and very heavy. After moving the barrels a substantial distance across the plant the claimant unloaded the scrap metal into trash bins by reaching into the barrels to remove the metal. He had to upset several barrels in order to dump the remaining scrap metal into the receptacle.

During his lunch break, several hours after he had first begun moving the barrels, the claimant felt pain in his back while attempting to get up from a sitting position. He reported to the employer's plant nurse, who applied ice packs to his back. The claimant went to work the following two days and visited the nurse each day. At the end of his work shift on the morning of November 10, he saw the employer's plant physician, who made a notation that the claimant had a back strain. The doctor instructed the claimant not to work until he could be seen again the following week.

Dr. E. L. Clements examined the claimant on November 30, 1983. In his report, Dr. Clements indicated that a physical examination "was totally negative," that "X-rays reveal no abnormality," and that the claimant had suffered a back injury two years earlier. The report went on to state that the claimant "has a very nebulous history of onset beginning on the 7th of November when he had to work 'harder than usual.' " After completing an outpatient exercise program, the claimant returned to work on January

3, 1984, with Dr. Clements' release.

In order to establish an "injury by accident," a claimant must prove "an indentifiable incident that occurs at some reasonably definite time" which causes "an obvious sudden mechanical or structural change in the body." *Lane Co. v. Saunders*, ___ Va. ___, 326 S.E.2d 702, 703 (1985); *Virginia Electric and Power Co. v. Cogbill*, 223 Va. 354, 356, 288 S.E.2d 485, 486 (1982); *see Badische Corp. v. Starks*, 221 Va. 910, 275 S.E.2d 605 (1981); *Virginia Electric and Power Co. v. Quann*, 197 Va. 9, 87 S.E.2d 624 (1955). The "injury by accident" formulation affirmed by the Supreme Court most recently in *Saunders* and *Kraft Dairy Group, Inc. v. Bernardini*, ___ Va. ___, 329 S.E.2d 46 (1985) (per curiam), has three components: (1) an identifiable incident; (2) a sudden mechanical or structural change in the body; and (3) a causal connection between the incident and the bodily change.

A claimant must satisfy each part of the "injury by accident" test. The mere occurrence of an injury, standing alone, although it may be unexpected in the sense that all misfortunes are unexpected, cannot be viewed as necessarily the result of an accident. A claimant now must make an objective showing of an identifiable incident or sudden precipitating event to which an injury may be related causally. *Saunders*, ___ Va. at ___, 326 S.E.2d at 703. Under this first element of the *Saunders* test, the claimant must identify "the injury with a movement made or action taken at a particular time at work." *Starks*, 221 Va. at 913, 275 S.E.2d at 606.

The evidence in this case is uncontradicted that the claimant engaged in work activity on the morning of November 8 that was not typical of his usual duties. Although the record does not state the weight of the barrels or scrap metal within the barrels, the claimant's testimony is clear and uncontradicted that the activity is one that usually is performed by two employees. A disciplinary report adverse to the claimant buttresses his testimony by stating that he "had [a] very difficult time trying to push or pull scrap metal parts can" and that he "almost turned it over because of the excessive weight."

The record adequately supports the deputy commissioner's finding that the claimant was engaged in work activity that was both strenuous and unlike his normal duties. We believe further

that the evidence is sufficient to show that the unusual work activity the claimant described is an indentifiable incident or event that occurred at a reasonbly definite time. We do not understand the term "identifiable incident" to mean an event or activity bounded with rigid temporal precision. It is, rather, a particular work activity which takes place within a reasonably discrete time frame. *Saunders*, ___ Va. at ___, 326 S.E.2d at 703. In the claimant's case the work activity consumed approximately three hours; his effort in moving the barrels was performed separate and apart from his other, regular duties. His activity was an "identifiable incident that occurs at some reasonably definite time." *Id*; *see also Kraft Dairy Group v. Bernardini*, ___ Va. at ___, 329 S.E.2d at 48 (claimant lifting heavy loads over two-month period could show "no accident, identifiable incident or sudden precipitating event" on any day to which injury could be attributed).

■ On its review, however, the Commission found that claimant failed to prove "the necessary mechanical link between . . . work activity and medical diagnosis of specific injury." The Commission's finding is binding on us when supported by credible evidence. *Sky Chefs, Inc. v. Rogers*, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981).

The claim here fails on the third element of the *Saunders* "injury by accident" test — the causal connection between the incident and the injury. Because all components of the test must be satisfied, we need not address the second element, sudden bodily change.

The employer's plant physician concluded that the claimant's pain resulted from back strain, but the physician could not state that the strain was work related. Dr. Clements reported that he could find no structural impairment to explain claimant's complaint of pain. The doctor also suggested that claimant "was suffering possibly from "psychoneurotic reaction" or a "traumatic neurosis."[1] He also reported that the claimant had suffered a back injury two years previously.

---

[1] A common theme occurs in Dr. Clements' notes on subsequent examinations of claimant, beginning with the doctor's initial comment that claimant's "conversation with me is replete with paranoia about his job." Commenting on a December 7, 1983 follow-up visit, Dr. Clements observed: "It is very difficult to communicate with this man who has so much paranoia that it is difficult to obtain a candid history from him." The doctor noted, after follow-up examination on December 23, 1983, that:

Applying the authorities to the evidence in this record, we conclude that the claimant failed to prove the occurrence of an "injury by accident." Without proof of both a particular incident and the sudden structural change in his body which can be causally related to the incident, there is no "injury by accident." In such a case, as the Supreme Court stated in *Saunders*, the fact-finder can "only speculate whether [the injury] arose from a work-related cause, a cause entirely outside the employment, or a combination of causes." ___ Va. at ___, 326 S.E.2d at 704.

For these reasons the decision of the Industrial Commission is affirmed.

*Affirmed.*

Baker, J., and Duff, J., concurred.

---

"I really must say that I have never had a patient who was so difficult. He continues to complain, present his sanctimonious airs and keeps assuring me how honest he is but presents absolutely no objective evidence of any disease. He is very unwilling to return to work and I see nothing to substantiate his complaints. For this reason I have told him to return to work on January 3, 1984 and I would respectfully request that if further consultation is needed that he probably should see a different physician. I anticipate that if he does go back to work he will immediately claim some disability or will seek other medical attention when he does return to work."