**Alexandria**

JAMES W. MORRIS

v.

JAMES D. MORRIS, et al.

No. 0292-86-4

Decided May 5, 1987

COUNSEL

Susan Cummins (Lawrence J. Pascal, Ashcraft and Gerel, on brief), for appellant.

Susan A. Evans (Siciliano, Ellis, Dyer and Boccarosse, on brief), for appellees.

OPINION

**KOONTZ, C.J.** — James W. Morris (appellant) appeals an order from the Industrial Commission denying him workers' compensation benefits for a heart attack suffered while working for the employer, James D. Morris (appellee), on December 3, 1984. In this appeal, appellant argues that the Industrial Commission erred in finding that the evidence failed to establish an injury which arose out of his employment. For the reasons stated below, we reverse.

At the time of his heart attack, appellant was a sixty-three year old laborer employed by appellee, a manufacturer of fiberglass products. His duties included making fiberglass products, packaging them for shipment, making deliveries and picking up materials for his employer. These duties included light lifting. Appellant customarily used a forklift when loading and unloading shipments.

On December 3, 1984, appellant drove from his place of employment in Northern Virginia to Richmond to pick up fiberglass materials. When he arrived at the Richmond warehouse, he found that he had been assigned a new loading dock which was not equipped with a forklift. Appellant backed his truck up to the dock which was about eighteen inches higher than the truck. For approximately forty-five minutes he manually loaded ninety-six cartons of fiberglass onto the truck. Each carton, which was about the size of an automobile battery, weighed fifty pounds. Appellant felt no discomfort while loading the truck. After he finished, he got into the truck, "pulled away from the dock and felt a whirling and then a little sickness at the stomach." Appellant parked beside the warehouse, waiting for the nausea to subside. However, the pain continued and appellant testified it was "like an elephant" standing on his chest. To alleviate the pain, he laid down and then walked around for about thirty minutes. When he realized these measures were not helping, he went to the warehouse

office for help. He was transported by rescue squad to the Medical College of Virginia about ten minutes later, where an acute anterior myocardial infarction was diagnosed.

We review a decision of the Industrial Commission under familiar principles. "In every worker's compensation case the claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." *Bradley v. Philip Morris*, 1 Va. App. 141, 143, 336 S.E.2d 515, 517 (1985); Code § 65.1-7. To establish an "injury by accident," "a claimant must prove both 'an identifiable incident that occurs at some reasonably definite time' and that such incident caused 'an obvious sudden mechanical or structural change in the body.' " *Woody v. Mark Winkler Management, Inc.*, 1 Va. App. 147, 150, 336 S.E.2d 518, 520 (1985) (quoting *Lane Co. v. Saunders*, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985)); *see also Kraft Dairy Group v. Bernardini*, 229 Va. 253, 255-56, 329 S.E.2d 46, 47 (1985); *Virginia Electric & Power Co. v. Cogbill*, 223 Va. 354, 356, 288 S.E.2d 485, 486 (1982); *Badische Corp. v. Starks*, 221 Va. 910, 912-13, 275 S.E.2d 605, 606-07 (1981); *Pendleton v. Flippo Construction Co.*, 1 Va. App. 381, 382, 339 S.E.2d 210, 211 (1986); *Bradley v. Philip Morris*, 1 Va. App. at 144, 336 S.E.2d at 517. Additionally, the claimant must prove "a causal connection between the incident and the bodily change." *Bradley*, 1 Va. App. at 144, 336 S.E.2d at 517 (citing *Bernardini*, 229 Va. at 255-56, 329 S.E.2d at 47-48). The injury must occur "within the period of employment, at a place where the employee was reasonably expected to be, and while doing something which was reasonably incident to his employment." *Hercules, Inc. v. Stump*, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986). Finally, the injury must "arise out of" the employment. Code § 65.1-7.

An injury arises out of the employment:

"when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. . . . [I]f the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out

of' the employment. . . . [I]t must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

*Hercules*, 2 Va. App. at 79-80, 341 S.E.2d at 395 (emphasis deleted) (quoting *Baggett & Meador Cos. v. Dillon*, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978)). An analysis of available medical evidence is necessary to establish the causal connection. *Lilly v. Shenandoah's Pride Dairy*, 218 Va. 481, 485, 237 S.E.2d 786, 788 (1977); *see also D.W. Mallory & Co. v. Phillips*, 219 Va. 845, 849, 252 S.E.2d 319, 322 (1979).

Appellant requested a hearing before the Industrial Commission when appellee's insurance company refused to make voluntary medical or disability payments because, in its opinion, the heart attack did not arise out of the course of appellant's employment. At the hearing before the deputy commissioner, hospital progress notes were introduced to prove a causal connection between the heavy lifting and the heart attack. The notes of the treating physician in Richmond indicated that appellant experienced "sudden onset of substernal chest pains which occurred while loading a truck . . . ." Two electrocardiograms were performed on appellant; one on December 18, 1984, and one on December 19, 1984. Both indicated that appellant suffered from a myocardial infarction of "indeterminate age." Beginning December 28, 1984, appellant was treated in Northern Virginia by Dr. Singh, a cardiologist. His initial office visit notes stated that appellant "denied specific chest symptoms . . . subsequent to his myocardial infarction." As to past history, the doctor's notes stated: "Essentially noncontributory. No history of cardiovascular events, hyperlipidemia, diabetes or hypertension. Family history is noncontributory." Dr. Singh's notes indicated that appellant suffered from ischemic heart disease which indicates a circulatory obstruction.

Deputy Commissioner Tarr denied appellant's claim on October 10, 1985, stating that although appellant's injury had arisen out of his employment, he had not satisfied both prongs of the injury by accident test. While the deputy commissioner found that appellant had suffered a sudden mechanical change in the body, the evidence presented did not point to one identifiable incident that occurred at a reasonably definite time which caused the heart at-

tack. Rather, the deputy commissioner concluded that the heart attack was "caused by the cumulative trauma of lifting the heavy boxes of fiberglass over a forty-five minute period of time." As to causal connection, the deputy commissioner noted: "Neither Dr. Singh or (sic) the reports from the hospital *specifically* state that claimant's [heart attack was] caused by his work activities on December 3. However, the hospital's progress notes for December 3 refer to the loading of the truck, and we shall assume the physician relates the infarction to the claimant's truck loading." (emphasis added).

At the review before the full commission on December 13, 1985, appellant presented the "attending physician's report," prepared by Dr. Singh on October 28, 1985, nearly one month after the hearing before the deputy commissioner. In answer to item number eleven entitled, "Employee's account of how injury . . . occurred," Dr. Singh wrote: "Loading approximately 5,000 pounds from stepdown dock to company truck." Item number fourteen asked: "Is diagnosed condition due to occurrence described in item eleven?" Dr. Singh answered: "Yes." The commission referred to this report as "medical evidence regarding causation," but refused to consider it since it found that it was not after-discovered evidence. *See* Rule 2:C, Rules of the Industrial Commission.

Relying on *Woody v. Mark Winkler Management, Inc.*, 1 Va. App. 147, 336 S.E.2d 518 (1985), the commission held that appellant had proven that he suffered an injury by accident and that appellant was in the course of his employment when stricken. However, the commission denied appellant's claim, holding that there was insufficient evidence to establish that appellant's "accident" arose out of his employment. The commission gave three reasons in support of its finding: (1) the appellant experienced no chest pains during the loading activity; (2) the appellant offered no medical evidence to establish a causal connection between his work activities and the heart attack; and (3) the temporal relationship between the loading and the chest pains standing alone was insufficient to establish the requisite causal connection.

We find that the commission misapplied the law. In its opinion, the commission stated: "The record clearly establishes that the claimant has suffered injury by accident." Therefore, appellant necessarily established "an identifiable incident that occur[red] at

some reasonably definite time" which caused "an obvious sudden mechanical or structural change in the body." *Woody*, 1 Va. App. at 150, 336 S.E.2d at 520. Here, the identifiable incident was the forty-five minute period of loading which caused an obvious sudden change in the body which was the chest pain and the myocardial infarction. Despite this, the commission found the evidence insufficient to establish that the heart attack arose out of appellant's employment.

The commission's finding that "no medical evidence [was] offered at the hearing to establish a causal connection between [appellant's] work activities and the subsequent heart attack" is factually inaccurate. Appellant presented hospital progress notes from December 3 to December 23, 1984 from the Medical College of Virginia which indicated that appellant had "no prior history of angina" and that he experienced "crushing" chest pains incident to loading a truck. Dr. Singh's initial office visit notes were also presented as well as Dr. Singh's progress notes. Although these notes do not specifically relate the heart attack to appellant's work activities on December 3, we agree with the deputy commissioner that both the Medical College of Virginia and Dr. Singh attributed appellant's heart attack to the loading activity.

The commission also found it significant that appellant experienced no chest pains during the loading. Apparently, the commission believed that the onset of pain must be contemporaneous with the incident in employment and not immediately afterward in order to establish a compensable identifiable incident which arises out of the employment. We recently addressed this issue in *Bradley v. Philip Morris*, 1 Va. App. 141, 336 S.E.2d 515 (1985) and *Woody v. Mark Winkler Management, Inc.*, 1 Va. App. 147, 336 S.E.2d 518 (1985).

In *Bradley*, the appellant claimed a back injury which allegedly occurred during a three hour period at work. There, we restated that the injury by accident test requires that "a claimant prove 'an identifiable incident that occurs at some reasonably definite time' which causes 'an obvious sudden mechanical or structural change in the body.'" *Bradley*, 1 Va. App. at 144, 336 S.E.2d at 517. We also set forth the following standard: "We do not understand the term 'identifiable incident' to mean an event or activity bounded with rigid temporal precision. It is, rather, a par-

ticular work activity which takes place within a reasonably discrete time frame." *Id.* at 145, 336 S.E.2d at 517. We recognized that three hours could constitute a reasonably discrete time frame. Bradley, however, did not recover because he did not show that his injury actually occurred during that three hour time frame. *See id.* at 145-46, 336 S.E.2d at 517.

In *Woody*, we denied workers' compensation benefits to a heart attack victim under the following circumstances: "The sources of emotional and physical stress as proved by claimant span[ned] a period of almost three months and encompass[ed] a variety of incidents. We cannot say as a matter of law that he has shown the occurrence of an identifiable incident at some reasonably definite time . . . ." *Woody*, 1 Va. App. at 151, 336 S.E.2d at 521. Further, the claimant could not point to any work activity on the day of his heart attack which caused his injury. *See id.*

■ We believe that in holding appellant's claim noncompensable because his chest pains were not contemporaneous with the incident in employment, the commission misconstrued our holding in *Woody*. While it is true that a claimant must show "an identifiable incident that occurs at some reasonably definite time," it is not necessary in establishing causation that the pain or other physical manifestation of injury be contemporaneous with the incident in employment to prove that the injury arose out of the employment. If to the rational mind it appears from the circumstances that the pain is related from cause and effect to a specific incident which occurred at a reasonably definite and closely related time during the employment, so that "the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment." *Hercules, Inc. v. Stump*, 2 Va. App. at 79-80, 341 S.E.2d at 395 (emphasis deleted) (citations omitted). Here, the evidence established that appellant's heart attack occurred no more than three minutes after he manually loaded ninety-six cartons weighing fifty pounds each from a loading dock onto a truck parked eighteen inches below the dock. Thus, the temporal relationship in the instant case is one of the factors that establishes the requisite "reasonably discrete time frame." *Bradley*, 1 Va. App. at 145, 336 S.E.2d at 517.

Furthermore, we conclude that under the facts of this case, even if the proper principles of law had been applied, the credible evidence does not support the commission's conclusion that appellant's heart attack did not arise out of his employment. To the contrary, appellant presented sufficient credible medical evidence to establish that his heart attack "followed as a natural incident of the work." *Hercules*, 2 Va. App. at 79, 341 S.E.2d at 395 (citations omitted).

Since we hold that appellant established a compensable injury based on the evidence presented to the deputy commissioner, we do not decide whether the attending physician's report, prepared one month after the deputy commissioner's hearing, was, in fact, after-discovered evidence and admissible at the review before the full commission.

In summary, we hold that the commission misapplied the applicable law. Further, we hold that the credible evidence does not support the commission's finding. Appellant did indeed prove an injury by accident arising out of and in the course of his employment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

Coleman, J., and Duff, J., concurred.