**Salem**

MCFEELY HARDWOODS & LUMBER, et. al.

v.

DOUGLAS GORDON MILLER

No. 1089-86-3

Decided July 7, 1987

COUNSEL

Charles F. Midkiff (Christian, Barton, Epps, Brent and Chappell, on brief), for appellants.

Donald G. Pendleton (Pendleton and Gamble, on brief), for appellee.

OPINION

**KOONTZ, C.J.** — McFeely Hardwoods and Lumber and its insurer, Commercial Union Insurance Companies (appellants), appeal a decision of the Industrial Commission awarding Douglas Gordon Miller (appellee) weekly compensation benefits for the period of February 4, 1986, to May 13, 1986. Although the appellants frame their issue as whether Miller's injury arose out and in the course of his employment, their argument and the cases cited in support of it turn on the issue whether Miller suffered an *injury by accident* which arose out of and in the course of his employment. Accordingly, we address this issue and for the reasons stated below, affirm the commission's decision.

At the time of his injury, Miller was a thirty-two year old mill wright employed by McFeely. His usual duties included lifting, surfacing down and shaping lumber. On Thursday, January 23, 1986, John Avery, a salesman and supervisor at McFeely, asked

Miller to help him carry a sixteen foot wooden beam weighing between 160 and 225 pounds for approximately fifty feet. At the hearing before the deputy commissioner, Miller testified that he felt no pain while lifting the beam or immediately afterwards. More specifically he testified: "As I was picking it up and walking the beam to the room, I could feel the heaviness and weight. Kinda (sic) fatigued feeling, as we sat it down." Avery testified before the deputy commissioner that Miller complained of the weight while they were moving the beam. The record reveals that after lifting the beam, Miller continued with his regular duties for the rest of the day. On Friday, January 24, he began experiencing pain and soreness in his lower back. He mentioned the pain to Avery who confirmed this at the hearing before the deputy commissioner. From Monday, January 27, through Friday, February 3, Miller performed his regular duties, including lifting and pulling, although his back was "sore" and he was "experiencing pain." He also stated that he lifted nothing heavier than the wooden beam between January 23 and February 4. During the weekend of February 1, he worked for McFeely installing a heating system in their offices. He told the insurance adjuster that his back pain gradually increased and that by February 1 he was experiencing trouble sleeping. On Monday, February 3, Miller was still doing wiring work for McFeely. On that day, he stepped down from a ladder onto the floor and experienced sharp pain in his back and right leg. He mentioned this to a co-worker, Mike Kelly, who corroborated this at the hearing before the deputy commissioner.

On Tuesday morning, February 4, 1986, Miller awoke with severe pain in his back and numbness in his right foot. He consulted Dr. Terry O. Miller, an orthopedic surgeon. Dr. Miller prescribed bed rest and a CT scan. Miller was still experiencing numbness in his right foot on February 17. Dr. Miller diagnosed a ruptured or herniated disc on February 21 and operated on Miller on March 7. Miller returned to work on May 13, 1986.

Dr. Miller's medical reports were introduced and his initial office visit notes of February 4 indicated that Miller's "symptoms started when he was lifting wood at work." His attending physician's report stated that Miller's back injury was the result of lifting the beam on January 23. In a letter of April 24, 1986, to Miller's attorney, Dr. Miller stated:

[Miller] gave a quite clear history of having injured the back at work on January 23rd, 1986. He felt a twinge of pain immediately after lifting a wood beam and the pain gradually increased over the next day or two. This is a very common sequence of events and I have no problem relating with a reasonably (sic) degree of medical certainty that lifting of the beam on January 23rd was directly related and the cause in an effect (sic) way to the herniated nucleus pulposes and the necessity of the subsequent back operation.

In a letter of May 30, 1986, to Miller's attorney, Dr. Miller stated that claimant's "period of unemployment was directly the result of the back injury in question." Deputy Commissioner Yates found that Miller had met his burden of proving an industrial accident and awarded him weekly compensation benefits from February 4 to May 13, 1986.

Upon review, the ful commission affirmed the deputy commissioner's award. Specifically, the commission found that the medical evidence and the corroborative statements by John Avery and Mike Kelly sufficiently established a compensable injury by industrial accident. Although Miller did not experience pain at the moment he lifted the beam, the commission noted that Miller did complain of the beam's weight "which was sufficient to produce the injury complained of."

At the outset of our analysis, we note the following standard: "In every worker's compensation case the claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." *Bradley v. Philip Morris, U.S.A.,* 1 Va. App. 141, 143, 336 S.E.2d 515, 517 (1985); Code § 65.1-7.

"Injury by accident" is established by showing "an identifiable incident that occurred at some reasonably definite time and that such incident caused an obvious sudden mechanical or structural change in the body." *Morris v. Morris,* 4 Va. App. 193, 196, 355 S.E.2d 892, 894 (1987)(citations omitted). The "arising out of" element is established by showing a causal connection between the employemnt incident and the bodily change. *See Bradley,* 1 Va. App. at 144, 336 S.E.2d at 517 (citations omitted). The claimant can establish that the injury occurred "during the course of" the employment by showing that the injury occurred "within the period of employment, at a place where the employee was rea-

sonably expected to be, and while doing something which was reasonably incident to his employment." *Hercules, Inc. v. Stump,* 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986).

Appellants contend that *Lane Co. v. Saunders,* 229 Va. 196, 326 S.E.2d 702 (1985), is controlling in this case. There, the Supreme Court denied benefits to a claimant whose injury occurred at an uncertain time. Saunders alleged that he was injured at work while engaged in strenuous, repetitive activity that was not his normal work activity. He worked an entire shift on the day he allegedly was injured but said he experienced back pain at. some undetermined time. No unusual incident occurred at work and Saunders did not mention any pain to his co-workers or foreman. Although he complained of back pain the next day and was sent to the company nurse, he denied any injury on the job. His foreman testified that Saunders said that he did not know how he injured his back. *Id.* at 198, 326 S.E.2d at 702. The Supreme Court denied compensation for the following reasons:

> Saunders proved no accident, identifiable incident, or sudden precipitating event on [the day his symptoms began] or on any other day, to which his disc herniation could be attributed. The fact-finder could only speculate whether it arose from a work-related cause, a cause entirely outside the employment, or a combination of causes. No evidence was available to show whether it developed suddenly, or was gradually incurred and cumulative, becoming painful only [on the day Saunders alleged the injury occurred.]

*Id.* at 199-200, 326 S.E.2d at 704.

Appellants argue that like the claimant in *Lane Co.,* Miller did not experience an identifiable incident which caused a sudden mechanical or structural change in the body to establish injury by accident. The instant case is distinguishable from *Lane Co.,* however. In *Lane Co.,* the claimant specifically denied any identifiable incident which caused his injury. His physician stated that "[h]e did not experience a single episode of an injury . . . ." *Lane Co.,* 229 Va. at 198, 326 S.E.2d at 703. In the case at bar, Miller commented on the beam's weight during the lifting incident and he consistently attributed his back pain and injury to that incident. Two co-workers corroborated his account of the lifting incident and the subsequent onset of increasing pain. Furthermore,

his physician also attributed the ruptured disc to the lifting incident, calling this "a very common sequence of events."

■ We recently clarified the term "identifiable incident" in *Bradley*. "We do not understand the term 'identifiable incident' to mean an event or activity bounded with rigid temporal precision. It is, rather, a particular work activity which takes place within a reasonably discrete time frame." 1 Va. App. at 145, 336 S.E.2d at 517. Here, the commission noted that Miller complained of the weight of the beam when he lifted it and that the treating physician also attributed the ruptured disc to the lifting incident. We find that the commission correctly applied our definition of "identifiable incident" as stated in *Bradley* and we further find that there is credible evidence to support the commission's finding.

Appellants also contend that Miller's claim must fail under *Lane Co.* and *Kraft Dairy Group, Inc. v. Bernardini*, 229 Va. 253, 329 S.E.2d 46 (1985), because Miller did not establish a contemporaneous onset of pain with the lifting incident. We recently addressed this issue in *Morris v. Morris*. There, we held that a heart attack victim had proven a causation between the incident and injury even though he did not experience chest pain during the employment activity.

> While it is true that a claimant must show "an identifiable incident that occurs at some reasonably definite time," it is not necessary in establishing causation that the pain or other physical manifestation of injury be contemporaneous with the incident in employment to prove that the injury arose out of the employment. If to the rational mind it appears from the circumstances that the pain is related from cause and effect to a specific incident which occurred at a reasonably definite and closely related time during the employment, so that "the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then is arises 'out of' the employment."

*Morris*, 4 Va. App. at 200, 355 S.E.2d at 896 (quoting *Hercules, Inc. v. Stump*, 2 Va. App. 77, 79-80, 341 S.E.2d 394, 395 (1986)). From our careful review of the record we find it clear to the rational mind that Miller's ruptured disc followed as a natural

result of the January 23 lifting incident. While the evidence is in conflict as to whether Miller "felt a twinge of pain" during or directly after the lifting, under our decision in *Bradley,* the absence of pain during the lifting does not vitiate Miller's claim. *See* 1 Va. App. at 145, 336 S.E.2d at 517. Although Miller did not consult a physician until February 4, he experienced increasing back pain between January 24 and February 4. He commented about the pain to his co-workers and consistently attributed the pain and the subsequently diagnosed ruptured disc to the January 23 lifting incident. Likewise, Dr. Miller also attributed the injury to the lifting. Further, the record reveals that the beam was the heaviest item lifted by Miller between January 23 and February 4 either at work or at home.

*Kraft Dairy Group* is also not controlling in the instant case. There, Ms. Bernardini was denied compensation because the Court found she was injured by "the cumulative trauma caused by the physical exertions inherent in her normal work." 229 Va. at 256, 329 S.E.2d at 48. She had been performing the same repetitive job activity for months without injury. Such cumulative trauma was not an injury by accident because "she could point to no accident, identifiable incident, or sudden precipitating event . . . to which her injury could be attributed." *Id.* In contrast, Miller's job activity was not repetitive and he established an identifiable incident through his testimony, the testimony of his co-workers and the reports of the treating physician.

We also find that *Tomko v. Michael's Plastering Co.,* 210 Va. 697, 173 S.E.2d 833 (1970), cited by appellants, is distinguishable from the case at bar. Tomko installed sheet rock for one week and allegedly injured his back during that time. However, he did not complain of any pain to his co-workers until a week after the alleged injury. *Id.* at 698, 173 S.E.2d at 834. Furthermore, although Tomko attributed his injury to lifting sheet rock when he spoke with his doctor, his co-worker testified that Tomko told him he "wondered how he hurt his back." He also refused to testify before the commissioner that his back injury was work related. *Id.* at 700, 173 S.E.2d at 836.

Likewise, we find that *Badische Corp. v. Starks,* 221 Va. 910, 275 S.E.2d 605 (1981) is inapposite. There, Ms. Starks was denied compensation because she failed to prove an identifiable injury which arose out and in the course of her employment. Al-

though Ms. Starks believed her injury occurred on May 24, 1979, she did not report it to the company nurse until August 30, 1979. Starks initially told the nurse that she had no specific injury to report. After being told that she could not file a claim without an injury, she reported a fall in May 1977 as her injury. The commission denied compensation because Starks could point to no sudden change, but instead had suffered from pain for two years prior to her claim. *Id.* at 912-14, 275 S.E.2d at 606. In contrast, Miller established an identifiable incident.

In summary, we find there is credible evidence to support the commission's finding that Miller established a "compensable injury by industrial accident," and that the commission properly applied the applicable law. Miller complained of the weight of the beam at the time of the lifting incident. He complained of back pain to two co-workers who corroborated his statement. He consistently attributed his back injury to the lifting incident. The lifting occurred at work and was part of his job as a mill wright. Finally, his treating physician stated that gradually increasing pain was "a very common sequence of events" in cases of herniated discs and he conclusively related the injury to the January 23 lifting incident. Accordingly, the decision appealed from is affirmed.

*Affirmed.*

Benton, J., and Coleman, J., concurred.