COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


ALEXANDRIA HOSPITAL AND
 INOVA HEALTH SYSTEM FOUNDATION, INC.
                                    MEMORANDUM OPINION* BY
v.    Record No. 0059-02-4          JUDGE JERE M. H. WILLIS, JR.
                                         AUGUST 6, 2002
MEENA MUNJAL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Eric J. Berghold (McCandlish & Lillard, P.C.,
          on brief), for appellants.

          No brief or argument for appellee.


          Alexandria Hospital and INOVA Health System

Foundation, Inc. ("employer") appeal a decision of the Workers'

Compensation Commission awarding Meena Munjal benefits for

injuries sustained as a result of a fall while at work.  The

employer contends (1) that Munjal's injury by accident did not

arise out of her employment; and (2) that her back was not

injured in the accident.  We affirm the commission's decision.

          On appeal, "[d]ecisions of the commission as to questions

of fact, if supported by credible evidence, are conclusive and

binding on this Court."  Manassas Ice & Fuel Co. v. Federated

Mutual Ins. Co., 13 Va. App. 227, 229, 409 S.E.2d 824, 826

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

(1991).  "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding."  Id.  We view the evidence in the light most favorable to the prevailing party below.  Creedle Sales Co. v. Edmonds, 24 Va. App. 24, 26, 480 S.E.2d 123, 124 (1997).  However, "[t]his Court is not bound by the legal determinations made by the commission."  Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995).

## I.  BACKGROUND

On May 17, 2000, Munjal, a registered nurse, was injured at her place of employment, INOVA Alexandria Hospital.  Munjal and several other nurses were sitting around a table in a conference room listening to recorded medical reports.  Their chairs were close together.  Some of the chairs, including Munjal's, were on rollers.  They were unbalanced, wobbled, and moved from side to side.

While listening to the reports, Munjal stood up from her chair, leaned forward, and reached for the cardex.  Having obtained the cardex, she attempted to sit back in her chair.  However, the chair had moved back and Munjal fell to the floor.  She hit her left forearm and the left side of her neck and head on the armrest of the chair.  The right side of her hip struck the floor.

Following the incident, Munjal filled out an Employee Occurrence Report, noting injuries to her left head, neck, and

-

right hip.  She reported no back injury.  Thereafter, she sought treatment in the emergency room.  The emergency room medical records reported no back injury.  They stated there was "no c[omplaint]/o[f] back pain."  Munjal also filled out a Virginia Workers' Compensation Commission Form 5 ("VWC Form 5").  On the form she noted her injuries, making no mention of back pain or a back injury.

On June 1, 2000, Munjal was seen by Dr. Michael Leonidov.  His notes state that she "[f]ell at work on 5/17.  Awoke the next day with some back pain.  Was seen in the ER the same day of the incident and just given Motrin; did not have the back pain at that time."  Dr. Leonidov recommended that x-rays be taken, but Munjal refused because she did not want to take off from work.  Her back pain cleared up and completely resolved by June, 2000.

The deputy commissioner held:

> [T]he evidence preponderates in proving that the accident was caused by a risk of the employment.  It is . . . the claimant's contention that she fell because after leaning forward to reach for a Kardex the chair on which she had been seated moved since it was unstable.  This would certainly constitute a risk of the employment.  Moreover, given the claimant's testimony that the chairs were very close together with no space between them, it hardly seems likely that she simply missed the chair in sitting back.

The full commission affirmed the deputy's finding of causation, holding:

-

> [T]he claimant . . . sustained injuries when she missed a chair that was unstable and had moved, while attempting to sit at a conference table after leaning over to reach for a file. The claimant's action in leaning forward to reach over the conference table, and then moving backward in anticipation that her seat would be in the same position as she left it, involved an awkward position caused by the environmental factors of the seating area. Thus, the awkward position caused by the conditions of the claimant's work provides the requisite critical link between the employment and the injury, and we find that her injury arose out of her employment.

We read the "awkward position" found by the commission to describe not a physical contortion of Munjal's body, but rather an awkward and potentially dangerous situation created by the close seating of the nurses in unstable moveable chairs, under circumstances requiring movement in and out of those chairs. The record supports the commission's determination.

## II.  ANALYSIS

The employer first contends that the commission erred in finding that Munjal's accident arose out of her employment. We disagree.

> An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. . . . But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be

-

> peculiar to the work and not common to the
> neighborhood. It must be incidental to the
> character of the business and not
> independent of the relation of master and
> servant.

Baggett Transp. Co. v. Dillon, 219 Va. 633, 637-38, 248 S.E.2d 819, 822 (1978).

Munjal testified that the chairs around the table, including the one in which she sat, were close together and were on rollers, some of which were unbalanced, wobbled, and moved from side to side. In performing her duties, she stood up from her chair, leaned forward, and reached for the cardex. When she attempted to sit back in her chair, it had moved. Consequently, she fell to the floor. The requirement of close seating in unstable, moveable chairs created an awkward and unstable condition, causing Munjal's injury. Thus, her injury arose out of her employment.

The employer next contends that no contemporaneous evidence supports the finding that Munjal injured her back in the accident. "While it is true that a claimant must show an identifiable incident that occurs at some reasonably definite time, it is not necessary in establishing causation that the pain or other physical manifestation of injury be contemporaneous with the incident in employment to prove that the injury arose out of the employment." Morris v. Morris, 4 Va. App. 193, 200, 355 S.E.2d 892, 896 (1987), rev'd on other grounds, 238 Va. 578, 385 S.E.2d 858 (1989). The record in this

-

case supports the commission's finding that Munjal's injury was caused by the fall while attempting to return to her chair. Thus, the cause of her injury was an "identifiable incident or sudden precipitating event" that resulted in an obvious "sudden mechanical or structural change in the body." See id.

Munjal admitted that she did not experience back pain immediately following the accident. The emergency room records, Employee Occurrence Report, VWC Form 5, and Dr. Leonidov's records all verify that fact. However, at approximately midnight or the morning following the accident, she began to experience back pain. This was noted in Dr. Leonidov's records from her June 1, 2000, examination: "Fell at work on 5/17. Awoke the next day with some back pain. Was seen in the ER the same day of the incident and just given Motrin; did not have the back pain at that time." The Act does not require that a claimant feel or make a contemporaneous complaint of pain or seek immediate medical treatment. The requirement is that the injury result from the accident. The evidence supports the commission's finding that it did in this case.

We affirm the commission's decision.

Affirmed.

-