COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Beales and Huff
Argued at Salem, Virginia

SYKES ENTERPRISES, INC. AND
  ZURICH AMERICAN INSURANCE COMPANY

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1182-13-3                          JUDGE RANDOLPH A. BEALES
                                                              MARCH 11, 2014
ORBRA L. COX


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert M. McAdam (Kalbaugh Pfund & Messersmith, on brief), for
            appellants.

            Kerry S. Hay for appellee.


        Sykes Enterprises, Inc. and its insurer (collectively, employer) appeal the decision of the

Workers' Compensation Commission (the commission) awarding supplemental medical benefits

for hearing loss to the claimant, Orbra L. Cox, relating to a workplace injury Ms. Cox suffered

on September 29, 2010.  Employer claims that the commission erred in finding that the claimant

proved that "she had sustained a hearing loss" that was caused by the work-related accident.

Employer contends that no credible evidence supports the commission's finding of causation.

For the following reasons, we affirm the commission.

                                I. BACKGROUND

        On September 29, 2010, claimant tripped over a plastic rock display while at work, and

landed on her face.  A timely claim for benefits was filed on October 18, 2010.  Claimant's

original award, dated April 5, 2011, indicated that benefits were awarded for "reasonable,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

necessary, and authorized medical treatment for the following body parts injured during the Injured Worker's workplace injury of September 29, 2010: contusion to head, lumbar and neck strain." Later, on October 12, 2011, claimant filed an amended claim for benefits in which she sought to amend the nature of the injury to include, among other things, hearing loss.

At an April 26, 2012 hearing before a deputy commissioner, claimant testified that "two days after I fell, I woke up and couldn't hear" out of her right ear. Prior to the work-related accident, claimant was not experiencing any problems hearing in her right ear.

On October 20, 2010, claimant saw Dr. Michael S. Dew, of Associated Neurologists of Kingsport, for the first time. The office note from that visit indicated that claimant had had a fall, and "since that time, has had . . . hearing loss, ringing in her ears. . . . She notes decreased hearing since this accident and notes ringing in her right ear." Under the "impression" section of the October 20, 2010 summary, Dr. Dew diagnosed, among other things, "Tinnitus."[1] Claimant returned to Dr. Dew on November 10, 2010, and in an office note pertaining to that visit, Dr. Dew stated, in relevant part, "[Claimant] still is mostly concerned about ringing and loss of hearing in her ear." Dr. Dew also wrote the following in the November 10, 2010 office note:

> She also notes on her hearing test, which we do not have available, that the audiologist told her that her right ear drum was not moving which certainly may [sic] consistent with the MRI findings and the patient's complaints of hearing loss and tinnitus. *I am certainly suspicious that this may be posttraumatic* though I would like to refer her to ear, nose, and throat to have them evaluate and see whether any further intervention is required in that regard as it is appearing increasingly that this is not primarily neurologic in etiology. We will continue her off work until we can get the ENT evaluation due to her persistence of symptoms.

(Emphasis added). In the "impression" section of the November 10, 2010 office note, Dr. Dew wrote, among other things, "Tinnitus, posttraumatic."

---

[1] "Tinnitus" is defined as "a noise in the ears, as ringing, buzzing, roaring, clicking, etc." The Sloane-Dorland Annotated Medical-Legal Dictionary 732 (1987).

Claimant visited Dr. Dew once again on December 28, 2010. In an office note pertaining to that visit, Dr. Dew indicated that claimant "is seen today in follow-up for her headaches and tinnitus following a work related accident" and that "her primary complaint is persistent neck pain." In the "impression" section of the December 28, 2010 office note, Dr. Dew wrote, among other things, "posttraumatic tinnitus."

Claimant visited Dr. William J. Wallace, an ear, nose, and throat (ENT) specialist, for the first time on November 22, 2010. After that initial visit on November 22, 2010, claimant visited Dr. Wallace five additional times – on January 3, 2011; January 17, 2011; February 24, 2011; March 18, 2011; and, March 24, 2011.

On March 10, 2011, Dr. Wallace faxed to employer's insurance adjuster his answers to several questions posed by the insurer. Pertinent to this appeal, the fourth question asked, "In your opinion do you feel the ringing in her ear and hearing loss is related to her work injury?" In response to that question, Dr. Wallace replied, "Yes." During claimant's next appointment, on March 18, 2011, Dr. Wallace performed a diagnostic procedure on claimant's right ear, which yielded a diagnosis of a cholesteatoma.[2]

Dr. Wallace referred claimant to Dr. David R. Osterhus, one of Dr. Wallace's partners who is also an ENT specialist. Dr. Osterhus examined claimant on April 12, 2011. In a write-up following that visit, Dr. Osterhus reported that claimant had indicated that "[t]he hearing loss is felt to be in the right ear. The onset of the hearing loss has been gradual and has been occurring in worsening pattern for 9 months."[3] A May 10, 2011 note from Dr. Osterhus reads as follows:

---

[2] "Cholesteatoma" is defined as "a cystlike mass, with a lining of stratified squamous epithelium, usually of keratinizing type, filled with desquamating debris frequently including cholesterol. Cholesteatomas occur in the meninges, central nervous system, and bones of the skull, but are most common in the middle ear and mastoid region." Sloane-Dorland, supra, at 139.

[3] This is the only reference in the record to claimant having hearing loss before her work-related accident on September 29, 2010. The commission apparently did not assign this

The patient continues to claim that she did not have any significant hearing loss prior to her fall incident but I have no hearing testing prior to the incident to show that that is the case. Although it is unlikely that a fall produced a cholesteatoma in the right ear, it is certainly conceivable that the fall may have been [sic] dislodged or altered the relationship of cholesteatoma and poorly functioning or partially eroded ossicles. The exploratory surgery that has previously been performed will likely delay progression of cholesteatoma given that it was able to debride a significant portion of the cerumen/cholesteatoma debris. This will likely progress over time. She is encouraged to attempt to get her workman's comp to reconsider the case and/or seek a second opinion regarding that matter. From our standpoint, she still would benefit from tympanomastoid surgery but I cannot be certain that her condition was caused by a fall in September.

Employer sent Dr. Osterhus a questionnaire dated May 2, 2011. The second question reads as follows: "Do you feel that the cholesteatoma and eroded ossicles and inner ear structures in the employee's right ear were caused by a fall the employee sustained in September, 2010, falling on the left side of her face?" In response, Dr. Osterhus checked the line next to "unable to determine" and wrote next to his selection, "but unlikely." Dr. Osterhus also wrote on the questionnaire, "cholesteatoma needs surgery . . . but cholesteatoma may not have been caused by fall. She may have had a middle ear effusion as a result of the fall which would respond to tube placement."

Dr. James C. Brassfield performed an independent medical examination on claimant on August 8, 2011. In his assessment of claimant, Dr. Brassfield noted that claimant had not mentioned anything to him about her hearing loss or tinnitus, although details about her hearing loss were included in the medical records that were available to Dr. Brassfield.

On May 29, 2013, the commission issued a review opinion, reversing the deputy commissioner's finding that claimant's hearing loss was not causally related to her work-related

portion of Dr. Osterhus's report significant weight, as it was so entitled to do in its role as the factfinder. See Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000).

- 4 -

accident. The commission pointed out that Dr. Osterhus noted a temporal relationship between the fall and the claimant's hearing loss and that Dr. Osterhus also indicated that it was "certainly conceivable" that claimant suffered hearing loss in the accident, although he could not be certain of causation. Moreover, the commission found that Dr. Osterhus never opined that the hearing loss was not related to the work-related accident.[4] In finding that claimant satisfied her burden of proving a causal relationship between her workplace accident and her hearing loss, the commission gave significant weight to Dr. Wallace's opinion that claimant had indeed suffered hearing loss in the work-related accident. The commission also credited claimant's testimony at the evidentiary hearing and found, as a matter of fact, that she had not suffered hearing loss prior to the workplace accident. Based on this evidence, the commission concluded that claimant's hearing loss resulted from her workplace accident.

## II. ANALYSIS

A compensable injury under the Act "means only injury by accident arising out of and in the course of" the employment. Code § 65.2-101. In order to establish that an injury by accident has occurred, a claimant must prove an "identifi[able] incident that occurs at some reasonably definite time," which is the cause of "an obvious sudden mechanical or structural change in the body." VEPCO v. Cogbill, 223 Va. 354, 356, 288 S.E.2d 485, 486 (1982) (citations omitted)). The commission in this case found that claimant carried her burden of showing causation. Thus, on appeal from the commission, this Court reviews the facts in the light most favorable to claimant, who was the prevailing party in the commission. Apple Constr. Corp. v. Sexton, 44 Va. App. 458, 460, 605 S.E.2d 351, 352 (2004).

---

[4] Similarly, the commission noted that Dr. Brassfield did not offer an opinion on claimant's hearing loss.

Furthermore, under settled principles, "we must defer to the commission's findings of fact if supported by credible evidence in the record." Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010). "'In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.'" Pruden v. Plasser Am. Corp., 45 Va. App. 566, 574-75, 612 S.E.2d 738, 742 (2005) (quoting Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)). The commission's "determination regarding causation is a finding of fact," Farmington Country Club v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005), which is binding on this Court if supported by credible evidence in the record below, see Wagner Enters., 12 Va. App. at 894, 407 S.E.2d at 35.

In this case, credible evidence supports the commission's finding that claimant's hearing loss was causally related to her September 29, 2010 work-related accident. First, as established by claimant's own testimony, the timing of claimant's hearing loss coincided with her work-related accident. "'The testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive.'" Lee Cnty. Sch. Bd. v. Miller, 38 Va. App. 253, 260, 563 S.E.2d 374, 378 (2002) (quoting Dollar Gen'l Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996)). Claimant did testify that she experienced hearing loss *two days* after her work-related accident – very close in time to her workplace accident. It is not necessary that the hearing loss be precisely contemporaneous with the work-related accident to establish a causal connection between the injury and the accident. See Morris v. Morris, 4 Va. App. 193, 200, 355 S.E.2d 892, 896 (1987) (explaining that the onset of pain or injury need not be contemporaneous with the incident in employment), rev'd on other grounds, 238 Va. 678, 385 S.E.2d 858 (1989); see also Ratliff v. Rocco Farm Foods, 16 Va. App.

234, 239, 429 S.E.2d 39, 42 (1993) (stating that "pain does not have to be contemporaneous with the accident to be an injury by accident").

In addition to claimant's own testimony, claimant's physicians provide credible evidence from which the commission could determine that claimant's hearing loss was causally related to her work-related accident. Dr. Dew opined that he was "certainly suspicious" that claimant's hearing loss and tinnitus "may be posttraumatic," and he actually stated the diagnosis of "tinnitus posttraumatic" or "posttraumatic tinnitus" in his November 10, 2010 and December 28, 2010 office notes.

Furthermore, Dr. Wallace opined that the ringing in claimant's ear and her hearing loss were indeed related to claimant's workplace accident. The full commission, acting as factfinder, could and did rely on Dr. Wallace's opinion as credible and worthy of significant weight. Contrary to employer's argument on appeal, the commission was not required to find that the opinion stated by Dr. Osterhus negated the credibility of Dr. Wallace's opinion. Although Dr. Osterhus opined that it was unlikely that "the cholesteatoma and eroded ossicles & inner ear structures" in the claimant's right ear were caused by claimant's work-related accident, Dr. Osterhus never actually rendered an opinion that the work-related accident did not cause the hearing loss or tinnitus. On appeal, where this Court does not reassess credibility or the weight to be accorded to the evidence, we certainly cannot conclude that Dr. Osterhus's opinion and overall statements preclude a factual finding by the commission that claimant's work-related accident caused her hearing loss.

Viewing the evidence in the light most favorable to claimant, as we must since she prevailed below, the commission was entitled to rely on a combination of the opinions stated by Dr. Dew, Dr. Wallace, and Dr. Osterhus to support its finding of causation. "[T]he probative weight to be accorded [medical] evidence is for the Commission to decide" in its role as

factfinder, and if a portion of the medical evidence "is in conflict with other medical evidence, the Commission is free to adopt that view which is most consistent with reason and justice." Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000). Especially given the deference that is owed to the commission as the factfinder, we conclude that the commission did not err in finding that there was a causal relationship between claimant's workplace accident and her hearing loss.

## III. CONCLUSION

Credible evidence supported the commission's finding that claimant's hearing loss was related to her September 29, 2010 work-related accident, and the commission did not err when it entered a supplemental award for claimant for medical benefits for hearing loss causally related to the September 29, 2010 work accident. Accordingly, for the foregoing reasons, we affirm the commission's order.

Affirmed.